Clay J. Christianson, Esq. (SBN 143024)
KELLY JACKSON & CHRISTIANSON, LLP
90 South E Street, Suite 300
Santa Rosa, California 95404
(707) 578-7160
(707) 578-7469/Facsimile

Attorneys for Defendant
County of Lake

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALLAS WOLL, | Case No. CV 07 6299 BZ |
| Plaintiff, | *(Unlimited Civil Case)* |
| v. | Hon. Magistrate Bernard Zimmerman |
| COUNTY OF LAKE, MARY JANE FIGALDE, and HENRY BOUILLERCE, | **DEFENDANT COUNTY OF LAKE'S AMENDED ANSWER TO COMPLAINT** |
| Defendants. | |

Comes now Defendant County of Lake in response to plaintiff's complaint and amends its answer as follows.

### GENERAL RESPONSE TO PARAGRAPHS

### 1 through 15, Inclusive

### JURISDICTION

1. The County denies the applicability of Title 42 of the United States Code §1983 due to lack of information and knowledge sufficient to form a belief. Defendant admits that defendants reside in this Judicial District.

### PARTIES

2. The County denies the allegations of paragraph 2 based upon a lack of information and knowledge sufficient to form a belief.

3.  The County admits the allegations of paragraph 3.

4.  The County denies the allegation that Mary Jane Figalde is an employee of the Lake County Community Development and denies the remaining allegations of paragraph 4 for lack of information and belief.

5.  The County denies, generally and specifically, the allegations of Paragraph 5 except for the allegation that said parcel is located in an unincorporated area of the County of Lake, at 6585 Jacobsen Road, Kelseyville, California.

6.  The County admits that the Lake County Community Development Department recorded a Notice of Nuisance on December 16, 2005 but denies, generally and specifically, the remaining allegations of the first sentence of Paragraph 6. The County denies, generally and specifically, the remaining allegations of Paragraph 6 for lack of information and belief.

7.  The County denies, generally and specifically, the allegations of Paragraph 7.

8.  The County denies, generally and specifically, the allegations of Paragraph 8.

9.  The County denies, generally and specifically, the allegations of Paragraph 9.

10. The County denies, generally and specifically, the allegations of Paragraph 10.

11. The County denies, generally and specifically, the allegations of Paragraph 11.

12. The County denies, generally and specifically, the allegations of Paragraph 12.

13. The County denies, generally and specifically, the allegations of Paragraph 13.

14. The County denies, generally and specifically, the allegations of Paragraph 14.

15. The County denies, generally and specifically, the allegations of Paragraph 15.

### JURY TRIAL DEMANDED

The County likewise demands a trial by jury.

### AFFIRMATIVE DEFENSES

AS AND FOR A SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint, this answering defendant alleges that the complaint fails to state facts sufficient to constitute a cause of action against any of said defendants.

AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint, this answering defendant alleges that should plaintif recover damages against it, this

answering defendant should be entitled to have the amount reduced or eliminated to the extent that plaintiff's negligence and/or fault caused the damages herein.

AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint, this answering defendant alleges that plaintiff assumed the risk of the matters referred to in the complaint and that he knew and appreciated the nature of the risk, and that he voluntarily accepted the risk.

AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint, this answering defendant alleges that the sole and/or partial proximate cause of the damages claimed was due to the negligence of co-defendants, and other persons, firms or entities not specifically named in the complaint.

AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint, this answering defendant alleges that in the event it is held liable to plaintiff, which liability is expressly denied, and the co-defendants or other persons, firms or entities not specifically named in the complaint, are likewise held liable, this defendant is entitled to percentage contribution of the total liability from said co-defendant and/or unnamed parties in accordance with the principals of equitable indemnity and comparative contribution.

AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and each claim for relief thereof, this answering defendant alleges that at all times mentioned in plaintiff's complaint, this defendant acted in good faith with the reasonable belief as to the lawfulness of its actions.

AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint, this answering defendant alleges that should plaintiff recover damages against defendants, or any of them, this defendant should be entitled to have the amount reduced or eliminated to the extent that plaintiff failed take reasonable steps to mitigate those damages.

AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and each claim for relief thereof, this answering defendant alleges that at all times mentioned in plaintiff's complaint, the actions of this defendant was privileged under the surrounding circumstances.

AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and each claim for relief thereof, this answering defendant alleges that at all times mentioned in plaintiff's complaint the actions of the defendants, and each of them, were based exclusively upon bona fide law enforcement considerations with a reasonable belief that their actions were lawful, and as such they are protected by the qualified immunity privilege.

AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and each claim for relief thereof, this answering defendant alleges that plaintiff failed to exhaust administrative remedies.

AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and each claim for relief thereof, this answering defendant alleges that, to the extent the allegations made against this answering defendant by plaintiff's attempt to enlarge upon the facts, contentions, or theories set forth in his respective claims heretofore presented to defendant, said complaint is in violation of Government Code Sections 900, et seq., and defendant expressly reserves the right to move to strike any and all such allegations and to object to the admission of any evidence directed to the proof thereof.

AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, this answering defendant alleges that it is immune from liability pursuant to the provisions of Government Code §§815 through 856.6, inclusive, §§900 through 913.2, inclusive, and §§950 through 951, inclusive.

AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and each claim for relief thereof, this answering defendant alleges that plaintiff had full knowledge of the risks involved in the illegal activity in which he was engaged; that plaintiff voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in the complaint; and that the loss or damage, if any, sustained by plaintiff was caused by said risks which were accepted and voluntarily assumed by plaintiff when he engaged in said activities.

AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and each claim for relief thereof, this answering defendant alleges that any injuries suffered by plaintiff were caused by supervening events over which this defendant had no

1  control.

2  AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to
3  the complaint herein, and each claim for relief thereof, this answering defendant alleges that by way
4  of a plea of comparative negligence, plaintiff was negligent in and about the matters and activities
5  alleged; that said negligence contributed to and was a proximate cause of plaintiff's alleged injuries
6  and damages, if any, or was the sole cause thereof; and if plaintiff is entitled to recover damages
7  against defendant by virtue of this complaint, defendant prays that the recovery be diminished or
8  extinguished by reason of the negligence of the plaintiff in proportion to the degree of fault
9  attributable to him.

10  AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to
11  the complaint, this answering defendant alleges that, to the extent that plaintiff's civil rights were not
12  violated, no cause of action for violation of plaintiff's civil rights will lie.

13  WHEREFORE, the County prays as follows:

14  1.  That plaintiff take nothing by reason of said complaint.

15  2.  That this answering defendant be awarded reasonable attorney's fees, costs of suit and
16  such other and further relief as the Court deems just.

17

18  Dated: March 4, 2008        KELLY JACKSON & CHRISTIANSON, LLP

19
20                              By: _____
21                                  Clay J. Christianson
                                    Attorneys for Defendant COUNTY OF LAKE
22

23                              **DEMAND FOR TRIAL BY JURY**

24  By way of endorsement hereon, the County of Lake hereby demands a trial by jury.

25
26                              _____
                                Clay J. Christianson
27                              Attorneys for Defendant
                                County of Lake

28  ////

**SIGNATURE ATTESTATION**

I attest that I have on file all holograph signatures for any signatures indicated by a conformed signature (/s/) within this e-filed document.

_____
Clay J. Christianson
Attorneys for Defendant
County of Lake

KELLY JACKSON &
CHRISTIANSON, LLP

Case No. CV 07 6299 BZ                                    U.S. District Court - Northern District

PROOF OF SERVICE BY MAIL<br>[FRCivP 5(b)]

I am employed in the County of Sonoma, California. I am over the age of eighteen years and not a party to the within entitled cause; my business address is 90 South E Street, Suite 310, Santa Rosa, California 95404. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service, such correspondence would be deposited with the United States Postal Service that same day in the ordinary court of business.

On the date of execution of this declaration, I served the attached:

**DEFENDANT COUNTY OF LAKE'S AMENDED ANSWER TO COMPLAINT**

on the interested parties in said cause, addressed as follows:

Frear Stephen Schmid, Esq.          *Attorney for Plaintiff Dallas Woll*
177 Post Street, Suite 890          (415) 788-5957
San Francisco, CA 94108             (415) 788-5958 Fax

__X__ (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid, on the date of execution of this declaration, with our office outgoing mail following ordinary business practices.

____ (BY PERSONAL SERVICE) I caused each such envelope to be delivered by hand to the addressee(s) noted above.

____ (BY FACSIMILE) I caused the said document to be transmitted by Facsimile machine to the number indicated above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that this declaration was executed on March 4, 2008, at Santa Rosa, California.

Linda Moldrem

KELLY JACKSON &
CHRISTIANSON, LLP