Frear Stephen Schmid, (SBN 96089)
Attorney at Law
177 Post Street, Suite 890
San Francisco, California 94108
(415) 788-5957
(415) 788-5958/Facsimile

Attorneys for Plaintiff Dallas Woll

Clay J. Christianson, Esq. (SBN 143024)
KELLY JACKSON & CHRISTIANSON, LLP
90 South E Street, Suite 300
Santa Rosa, California 95404
(707) 578-7160
(707) 578-7469/Facsimile

Attorneys for Defendants
County of Lake and Mary Jane Figalde

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALLAS WOLL, | Case No. CV 07 6299 BZ |
| Plaintiff, | *(Unlimited Civil Case)* |
| v. | Hon. Magistrate Bernard Zimmerman |
| COUNTY OF LAKE, MARY JANE FIGALDE, and HENRY BOUILLERCE, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| Defendants. | Date: April 14, 2008<br>Time: 4:00 p.m.<br>Ctrm G<br>15th Floor, San Francisco |
| _____/ | |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

**1.    Jurisdiction and Service**

The basis for the court's subject matter jurisdiction is 42 U.S.C. §1983, a federal question,

civil rights violations. All parties have been served or appeared except for Henry Bouillerce.

2. **Facts**

**Plaintiffs' version**

On or about December 16, 2005, unbeknownst to plaintiff, defendants, in their individual and official capacities, illegally, and unreasonably without notice or any opportunity to be heard recorded with the Lake County Recorder's Office a "Notice of Nuisance," a true and correct copy of which is attached as Exhibit 1 to the complaint. Plaintiff first discovered this recorded document when trying to refinance his property to purchase another piece of property to relocate his business. As a result of this recorded "Notice of Nuisance," the financing institution refused to fund the loan, and upon information and belief no other commercially responsible financial institution will finance property when such a Notice of Nuisance is recorded against it. Thereafter, plaintiff sought relief from the Lake County Board of Supervisors to have the "Notice of Nuisance" released so as to obtain financing, but the Board refused.

Principal facts in dispute are the damages and the amount thereof.

**Defendants' version**

This case involves the operation of a "Roto-Rooter" business on land zoned for agriculture and not commercial. The Code Compliance Division of the Community Development Department for the County of Lake received a complaint relating to the operation of a septic tank pumping business with an office and shop at 6585 Jacobsen Road, Kelseyville, California on May 19, 2000. Dallas and Theresa Woll own the property. Defendant Hank Bouillerce is the Manager of the Code Compliance Division and is now retired. Defendant Mary Jane Figalde was the department head. The case became inactive.

During a site visit on April 2, 2004, it was confirmed that a Roto-Rooter Plumbers business was again operating on the property. On April 14, 2004, a Notice of Nuisance was issued, posted and mailed, certified. On August 2, 2004, Theresa Woll was advised of what needed to be done in order to come into compliance with county codes. During an additional site visit On November 3, 2004, owner Dallas Woll was witnessed operating a tanker truck returning to the property and hauling a "blue room."

Mr. Woll was interviewed during a site visit on December 8, 2005. He said he considered his business to be agriculture related use of the property because he was providing service to the surrounding farms and vineyards in and around the area of his property. A review of the Lake County Zoning Ordinance failed to identify a plumbing, sewage, septic or pumping business as an allowed use for the Agriculture Zoning District. A review of the local telephone directory revealed an advertisement for this Roto-Rooter business. The ad listed seven (7) telephone numbers for seven cities in Lake and Mendocino Counties. A review of records disclosed no permits issued for this business.

On December 16, 2005, a superceding Notice of Nuisance was issued, and on December 19, 2005, it was posted and mailed, via certified mail, to the owners. The superceding Notice of Nuisance was returned due to a wrong address and remailed to a new mailing address, after which a U.S. Postal Service receipt of delivery was received. On February 8, 2006, a review of records disclosed an appropriate permit had not yet been issued or applied for. The Notice to Abate Nuisance was issued and mailed, certified, on February 9, 2006. While at the property to post the Notice to Abate Nuisance, staff spoke to owner Dallas Woll and handed him a copy of the document. At that time, he charged that a lien had illegally been placed on the property sometime during November or December 2005. Staff told him the document he was referring to was not a lien but a superseding Notice of Nuisance, which was recorded, mailed and posted at the property in December 2005, and, later, remailed to a corrected address. Further, a receipt of delivery had been received from the postal service revealing that delivery had been made. He denied receiving the document and stated he would take legal action by suing the County of Lake and the Director of the Community Development Department.

The case file reveals that the superceding Notice of Nuisance was issued and recorded on December 16, 2005 and posted and mailed certified on December 19, 2005; returned and remailed on January 11, 2006. The due date was reset for February 11, 2006. On January 17, 2006, the department received certified mail receipt (signed for) by "D Woll" on January 13, 2006.

A notice to abate the nuisance was posted at Mr. Woll's property at 11:00 a.m. on February 9, 2006 by Mr. Bouillerce. A copy of the document was also handed to Mr. Woll at that time. Further,

it was mailed the same date, certified mail, return receipt requested.

A Board of Supervisors hearing was held on February 28, 2006. The hearing was carried forward to March 14, 2006, after the Wolls advised they had applied for a major use permit and were awaiting a decision by the Planning Commission. The Board agreed to delay its decision pending the Planning Commission's hearing results.

On September 26, 2006, the Planning Commission unanimously denied the Woll use permit request to legalize an existing portable chemical toilet, septic service and plumbing business on their property. The Planning Commission found that the road serving the business was inadequate and the project inconsistent with the General Plan and Zoning Ordinance.

The Wolls appealed the Planning Commission's decision to the Board of Supervisors. The Board denied the appeal during a hearing on March 13, 2007. An August 29, 2007 site visit to the property revealed that the Wolls were still operating the business six months after the Board issued its decision.

The complaint alleges causes of action pursuant to U.S.C. § 1983 and the First, Fourth and Fourteenth Amendments to the United States Constitution for deliberate indifference to constitutional rights and denial of due process. Plaintiffs seek injunctive relief and recovery of general and special damages, punitive damages, attorneys' fees and costs.

Plaintiff is Dallas Woll. He is represented by Frear Stephen Schmid.

Defendants County of Lake, Mary Jane Figalde and Henry Bouillerce are represented by Clay J. Christianson of Kelly Jackson & Christianson, LLP.

3. **Legal Issues**

**Plaintiffs' version**

The primary legal issue is whether the recording of a notice of nuisance constitutes a violation of plaintiff's civil liberties, specifically his Fourteenth Amendment rights under the due process clause, Fourth Amendment rights against unreasonable seizures, and whether the ensuing effect of the recording constituted a denial of his First Amendment rights. The fundamental legal issue is whether a County can record a so-called "Notice of Nuisance" against real property without any prior hearing or adjudication as to the matters set forth herein. Plaintiff contends that this case is guided by the

following cases: *Connecticut v. Doehr* (1991) 501 U.S. 1; *Snaidac v. Family Financial Corp. Of Bay View* (1969) 395 U.S. 337; and *Fuentes v. Shevin* (1972) 507 U.S. 67. The sum of these cases is that the government, without offering prior notice or prior opportunity to be heard cannot effectuate a seizure of property without a pre-seizure hearing. The gist of these Supreme Court cases is also that a recording of a lien or an ex parte order imposing a lien on property is tantamount to seizure of the property such that due process requires a pre-seizure or pre-issuance of order hearing.

**Defendants' version**

**Factual Issues**

a. Whether defendants gave appropriate notice to plaintiff concerning the nuisance;

b. Whether there has been any violation of plaintiffs' civil rights, including but not limited to due process;

c. If plaintiffs have suffered damages that are attributable to defendants, the nature and extent of plaintiffs' damages and the nature and extent of plaintiffs' past and future damages;

d. Whether plaintiffs have mitigated their damages;

e. Whether plaintiffs are contributorily negligent, and if so, the proportion or degree of fault attributable to plaintiffs.

f. Whether defendant County of Lak have permitted and tolerated a pattern and practice of improper conduct by its employees

**The principal legal issues which the parties dispute:**

a. Whether defendants County of Lake, Mary Jane Figalde and Henry Bouillerce denied plaintiff due process of law;

b. Whether defendants County of Lake, Mary Jane Figalde and Henry Bouillerce violated plaintiff's Fourth Amendment Rights;

d. Whether defendants' conduct was the legal cause of injury or damage to plaintiffs;

e. Whether defendants are immune from suit;

f. Whether plaintiffs' complaint alleges sufficient facts to support claims for punitive damages.

4. The other factual issues *[e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue]* which remain unresolved for the reason stated below and how the parties propose to resolve those issues:   None

5. The parties which have not been served and the reasons: None

6. The additional parties which the below-specified parties intend to join and the intended time frame for such joinder: None

7. The following parties consent to assignment of this case to a United States Magistrate Judge for *[court or jury]* trial:  The parties consent to a jury trial presided over by Magistrate Judge Bernard Zimmerman.

## ALTERNATIVE DISPUTE RESOLUTION

8. *[Please indicate the appropriate response(s).]*

☐ The case was automatically assigned to Nonbinding Arbitration at filing and will be ready for the hearing by :

■ The parties have filed a Stipulation and Proposed Order Selecting an ADR process *(specify process):*   Early Neutral Evaluation

☐ The parties filed a Notice of Need for ADR Phone Conference and the phone conference was held on or is scheduled for:

☐ The parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request [or a party separately requests] is:

9. Please indicate any other information regarding ADR process or deadline. The parties are waiting for notification from the ADR Unit regarding the appointment of an evaluator.

## DISCLOSURES

10. The parties certify that they have made the following disclosures *[list disclosures of persons, documents, damage computations and insurance agreements]*:

**Persons disclosed pursuant to Civ. L.R. 16-5:**

Disclosed by Plaintiffs:

Plaintiff Dallas Woll
Victoria Christie, employee of plaintiff;
Karen Olson, account executive of Bank of America Mortgage,
2060 Talbert, Suite 100, Chico, California 95926
(530) 570-4292
Defendants and each of them

Disclosed by Defendants:

Plaintiffs Dallas and Theresa Woll
Henry Bouillerce, former Code Compliance Officer
Richard Coel, Assistant Director for Community Development Department
Mary Jane Figalde, former Director of the Community Development Department
Kevin M. Ingram, Assistant Planner II for Planning Commission
Ann Fogelstrom, Code Enforcement Manager

**Categories of documents disclosed under Civ. L.R. 16-5 or produced through formal discovery**:

Categories of documents disclosed by Plaintiffs:

The notice of lien attached to the complaint;
Banking loan applications that were disrupted by the recordation of the lient

Categories of documents disclosed by Defendants:

Notice of Nuisance posted and mailed on April 14, 2004
Notice of Nuisance, recorded on December 16, 2005
Telephone directory advertisement
Notice of Nuisance, recorded on April 14, 2005
Notice to Abate Nuisance, February 9, 2006
Order to Abate
Vicinity Map
Planning Division Application
Case file
Fidelity National Title report, dated March 21, 2006
Photographs of Woll property taken on various dates

**Insurance**:

Defendants disclose: Lake County is self insured up to $10,000 and is thereafter insured through a Primary General Liability Program through CSAC Excess Insurance Authority to $100,000. For excess coverage, Lake County is a member of CSAC Excess Insurance Authority, a Joint Powers Authority, pursuant to Article 1, Chapter 5, Division 7, Title 1 of the California Government Code (sections 6500 et seq.) which provides an excess pooling arrangement for its member counties. California Government Code section 990.8 provides that two or more local entities may, by a joint powers agreement, provide insurance for any purpose by any one or more of the methods specified in Government Code section 990.4 and such pooling of self-insured claims or losses is not considered insurance nor subject to regulation under the Insurance Code. CSAC Excess Insurance Authority, 3017 Gold Canal Dr., Suite 300, Rancho Cordova, CA 95670.

1  **Damages and Documents Relating to Damages**:

2  Plaintiffs seek injunctive relief and damages of $300,000.00, plus attorney fees and punitive

3  damages.

4  <center>DISCOVERY</center>

5  11.  The parties agree to the following discovery plan *[Describe the plan e.g., any limitation

6  on the number, duration or subject matter for various kinds of discovery; discovery from experts;*

7  *deadlines for completing discovery]*:

8  Depositions              Not to exceed limits set forth by Rule 33
   Interrogatories:         Not to exceed limits set forth by Rule 33
9  Document production:     Not to exceed 50 demands to any other party
   Requests for admission:  Not to exceed 25 requests to any other party

11  **Parties agree**:

12  -  any limitations on the subject matter of discovery can be dealt with if the need arises

13     based on the Federal Rules of Civil Procedure and the local rules.

14  -  identification of experts is premature and the parties may supplement this list.

15  -  disclosure of all witnesses to be called in each party's case-in-chief, and any

16     supplemental disclosure pursuant to the Federal Rules of Civil Procedure and the local

17     rules, will occur prior to close of discovery (to allow depositions or additional

18     discovery).

19  -  Completion of all discovery except from experts: 60 days prior to the pretrial

20     conference.

21  -  Disclosure of experts (identities, resumes, final reports and all other matters required by

22     Fed R.Civ.P. 26(a)(2)) to be discussed at the Case Management Conference after a trial

23     date is selected.

24  -  Completion of discovery from experts, as set forth in Rule 26(a)(2)(C)

25  Both parties expect to initiate discovery shortly to include Requests for Production of

26  Documents, Interrogatories and Depositions. Plaintiffs suggest that non-expert discovery be

27  completed by August 31, 2008, and expert discovery disclosure occur on September 30, 2008.

28  Defendants suggest that both dates be changed to September 30 and October 31, respectively.

ELLY JACKSON &
HRISTIANSON, LLP

TRIAL SCHEDULE

12. The parties request a trial date as follows:   Plaintiffs seek a jury trial in November 2008, defendants seek a jury trial in early 2009 so as to allow time for discovery and a dispositive motion.

13. The parties expect that the trial will last for the following number of day: Plaintiffs and defendants demand a trial by jury. Given the early stage of the pleadings, it is difficult to estimate the length of a trial. At this time, parties estimate 6-8 days.

**SIGNATURE ATTESTATION**

**I hereby attest that I have on file all holograph signatures for any signatures indicated by a conformed signature (/S/) within this e-filed document.**

Dated: April 8, 2008          KELLY JACKSON & CHRISTIANSON, LLP

By_____
   Clay I. Christianson
   Attorneys for Defendant County of Lake
   and Mary Jane Figalde

Dated: April ___, 2008        LAW OFFICES OF FREAR STEPHEN SCHMID

By_____
   Frear Stephen Schmid
   Attorney for Plaintiff Dallas Woll

CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

*[The Court may wish to make additional orders, such as:*

## TRIAL SCHEDULE

12. The parties request a trial date as follows: Plaintiffs seek a jury trial in November 2008, defendants seek a jury trial in early 2009 so as to allow time for discovery and a dispositive motion.

13. The parties expect that the trial will last for the following number of day: Plaintiffs and defendants demand a trial by jury. Given the early stage of the pleadings, it is difficult to estimate the length of a trial. At this time, parties estimate 6-8 days.

## SIGNATURE ATTESTATION

I hereby attest that I have on file all holograph signatures for any signatures indicated by a conformed signature (/S/) within this e-filed document.

Dated: April ___, 2008          KELLY JACKSON & CHRISTIANSON, LLP

By_____
Clay J. Christianson
Attorneys for Defendant County of Lake

Dated: April 7, 2008            LAW OFFICES OF FREAR STEPHEN SCHMID

By_____
Frear Stephen Schmid
Attorney for Plaintiff Dallas Woll

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

[The Court may wish to make additional orders, such as:

KELLY JACKSON &
CHRISTIANSON, LLP

a. *Referral of the parties to court or private ADR process;*

b. *Schedule a further Case Management Conference;*

c. *Schedule the time and content of supplemental disclosures;*

d. *Specially set motions;*

e. *Impose limitations on disclosure or discovery;*

f. *Set time for disclosure of identity, background and opinions of experts;*

g. *Set deadlines for completing fact and expert discovery;*

h. *Set time for parties to meet and confer regarding pretrial submissions;*

I. *Set deadline for hearing motions directed to the merits of the case;*

j. *Set deadline for submission of pretrial material;*

k. *Set date and time for pretrial conference;*

l. *Set a date and time for trial.]*

Dated: _____     _____
                           BERNARD ZIMMERMAN
                           United States Magistrate Judge

KELLY JACKSON &
CHRISTIANSON, LLP

Case No. CV 07 6299 BZ                                        U.S. District Court - Northern District

<u>PROOF OF SERVICE BY MAIL</u>
[FRCivP 5(b)]

    I am employed in the County of Sonoma, California. I am over the age of eighteen years and not a party to the within entitled cause; my business address is 90 South E Street, Suite 310, Santa Rosa, California 95404. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service, such correspondence would be deposited with the United States Postal Service that same day in the ordinary court of business.

    On the date of execution of this declaration, I served the attached:

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

on the interested parties in said cause, addressed as follows:

| | |
|---|---|
| Frear Stephen Schmid, Esq.<br>177 Post Street, Suite 890<br>San Francisco, CA 94108 | *Attorney for Plaintiff Dallas Woll*<br>(415) 788-5957<br>(415) 788-5958 Fax |

  _X_ (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid, on the date of execution of this declaration, with our office outgoing mail following ordinary business practices.

  ____ (BY PERSONAL SERVICE) I caused each such envelope to be delivered by hand to the addressee(s) noted above.

  ____ (BY FACSIMILE) I caused the said document to be transmitted by Facsimile machine to the number indicated above.

    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that this declaration was executed on April 8, 2008, at Santa Rosa, California.

*(signature)*
Linda Moldrem