Clay J. Christianson, Esq. (SBN 143024)
KELLY JACKSON & CHRISTIANSON, LLP
90 South E Street, Suite 300
Santa Rosa, California 95404
(707) 578-7160
(707) 578-7469/Facsimile

Attorneys for Defendants
County of Lake, Mary Jane Figalde and
Henry Bouillerce

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALLAS WOLL, | Case No.  CV 07 6299 BZ |
| Plaintiff, | *(Unlimited Civil Case)* |
| v. | Hon. Magistrate Bernard Zimmerman |
| COUNTY OF LAKE, MARY JANE FIGALDE, and HENRY BOUILLERCE, | **DEFENDANT HENRY BOUILLERCE'S ANSWER TO COMPLAINT; DEMAND FOR TRIAL BY JURY** |
| Defendants. | |

Comes now Defendant Henry Bouillerce in response to plaintiff's complaint.

**GENERAL RESPONSE TO PARAGRAPHS**

**1 through 15, Inclusive**

**JURISDICTION**

1.  Henry Bouillerce denies the applicability of Title 42 of the United States Code §1983 due to lack of information and knowledge sufficient to form a belief.  Defendant admits that defendants reside in this Judicial District.

**PARTIES**

2.  Henry Bouillerce denies the allegations of paragraph 2 based upon a lack of information and knowledge sufficient to form a belief.

3.  Henry Bouillerce admits the allegations of paragraph 3.

1  4.  Henry Bouillerce denies the allegation that Henry Bouillerce is an employee of the Lake
2  County Community Development and denies the remaining allegations of paragraph 4 for lack of
3  information and belief.
4  5.  Henry Bouillerce denies, generally and specifically, the allegations of Paragraph 5 except
5  for the allegation that said parcel is located in an unincorporated area of the County of Lake, at 6585
6  Jacobsen Road, Kelseyville, California.
7  6.  Henry Bouillerce admits that the Lake County Community Development Department
8  recorded a Notice of Nuisance on December 16, 2005 but denies, generally and specifically, the
9  remaining allegations of the first sentence of Paragraph 6.  Henry Bouillerce denies, generally and
10 specifically, the remaining allegations of Paragraph 6 for lack of information and belief.
11 7.  Henry Bouillerce denies, generally and specifically, the allegations of Paragraph 7.
12 8.  Henry Bouillerce denies, generally and specifically, the allegations of Paragraph 8.
13 9.  Henry Bouillerce denies, generally and specifically, the allegations of Paragraph 9.
14 10. Henry Bouillerce, generally and specifically, the allegations of Paragraph 10.
15 11. Henry Bouillerce denies, generally and specifically, the allegations of Paragraph 11.
16 12. Henry Bouillerce denies, generally and specifically, the allegations of Paragraph 12.
17 13. Henry Bouillerce denies, generally and specifically, the allegations of Paragraph 13.
18 14. Henry Bouillerce denies, generally and specifically, the allegations of Paragraph 14.
19 15. Henry Bouillerce denies, generally and specifically, the allegations of Paragraph 15.

20 **JURY TRIAL DEMANDED**
21 Henry Bouillerce likewise demands a trial by jury.
22 **AFFIRMATIVE DEFENSES**
23 AS AND FOR A SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the
24 complaint, this answering defendant alleges that the complaint fails to state facts sufficient to
25 constitute a cause of action against any of said defendants.
26 AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to
27 the complaint, this answering defendant alleges that should plaintiff recover damages against her, this
28 answering defendant should be entitled to have the amount reduced or eliminated to the extent that

KELLY JACKSON &
CHRISTIANSON, LLP

1 plaintiff's negligence and/or fault caused the damages herein.

2 AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint, this answering defendant alleges that plaintiff assumed the risk of the matters referred to in the complaint and that he knew and appreciated the nature of the risk, and that he voluntarily accepted the risk.

AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint, this answering defendant alleges that the sole and/or partial proximate cause of the damages claimed was due to the negligence of co-defendants, and other persons, firms or entities not specifically named in the complaint.

AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint, this answering defendant alleges that in the event she is held liable to plaintiff, which liability is expressly denied, and the co-defendants or other persons, firms or entities not specifically named in the complaint, are likewise held liable, this defendant is entitled to percentage contribution of the total liability from said co-defendant and/or unnamed parties in accordance with the principals of equitable indemnity and comparative contribution.

AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and each claim for relief thereof, this answering defendant alleges that at all times mentioned in plaintiff's complaint, this defendant acted in good faith with the reasonable belief as to the lawfulness of its actions.

AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint, this answering defendant alleges that should plaintiff recover damages against defendants, or any of them, this defendant should be entitled to have the amount reduced or eliminated to the extent that plaintiff failed take reasonable steps to mitigate those damages.

AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the complaint herein, and each claim for relief thereof, this answering defendant alleges that at all times mentioned in plaintiff's complaint, the actions of this defendant was privileged under the surrounding circumstances.

AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to

KELLY JACKSON & CHRISTIANSON, LLP

1  the complaint herein, and each claim for relief thereof, this answering defendant alleges that at all
2  times mentioned in plaintiff's complaint the actions of the defendants, and each of them, were based
3  exclusively upon bona fide law enforcement considerations with a reasonable belief that their actions
4  were lawful, and as such they are protected by the qualified immunity privilege.

5  AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to
6  the complaint herein, and each claim for relief thereof, this answering defendant alleges that plaintiff
7  failed to exhaust administrative remedies.

8  AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to
9  the complaint herein, and each claim for relief thereof, this answering defendant alleges that, to the
10 extent the allegations made against this answering defendant by plaintiff's attempt to enlarge upon the
11 facts, contentions, or theories set forth in his respective claims heretofore presented to defendant, said
12 complaint is in violation of Government Code Sections 900, et seq., and defendant expressly reserves
13 the right to move to strike any and all such allegations and to object to the admission of any evidence
14 directed to the proof thereof.

15 AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to
16 the complaint herein, this answering defendant alleges that she is immune from liability pursuant to
17 the provisions of Government Code §§815 through 856.6, inclusive, §§900 through 913.2, inclusive,
18 and §§950 through 951, inclusive.

19 AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to
20 the complaint herein, and each claim for relief thereof, this answering defendant alleges that plaintiff
21 had full knowledge of the risks involved in the illegal activity in which he was engaged; that plaintiff
22 voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in
23 the complaint; and that the loss or damage, if any, sustained by plaintiff was caused by said risks
24 which were accepted and voluntarily assumed by plaintiff when he engaged in said activities.

25 AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to
26 the complaint herein, and each claim for relief thereof, this answering defendant alleges that any
27 injuries suffered by plaintiff were caused by supervening events over which this defendant had no
28 control.

KELLY JACKSON &
CHRISTIANSON, LLP

1  AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to
2 the complaint herein, and each claim for relief thereof, this answering defendant alleges that by way
3 of a plea of comparative negligence, plaintiff was negligent in and about the matters and activities
4 alleged; that said negligence contributed to and was a proximate cause of plaintiffs' alleged injuries
5 and damages, if any, or was the sole cause thereof; and if plaintiff is entitled to recover damages
6 against defendant by virtue of this complaint, defendant prays that the recovery be diminished or
7 extinguished by reason of the negligence of the plaintiff in proportion to the degree of fault
8 attributable to him.

9  AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to
10 the complaint, this answering defendant alleges that, to the extent that plaintiff's civil rights were not
11 violated, no cause of action for violation of plaintiff's civil rights will lie.

12  WHEREFORE, Henry Bouillerce prays as follows:

13  1. That plaintiff take nothing by reason of said complaint.

14  2. That this answering defendant be awarded reasonable attorney's fees, costs of suit and
15 such other and further relief as the Court deems just.

17 Dated: May 16, 2008                KELLY JACKSON & CHRISTIANSON, LLP

19                                    By /s/
20                                       Clay J. Christianson
                                         Attorneys for Defendants County of Lake,
                                         Mary Jane Figalde and Henry Bouillerce

22 ////
23 ////
24 ////
25 ////
26 ////
27 ////
28 ////

KELLY JACKSON &
CHRISTIANSON, LLP

Page 5

Case No. CV 07 6299 BZ  Defendant Henry Bouillerce's Answer to Complaint

## DEMAND FOR TRIAL BY JURY

By way of endorsement hereon, Henry Bouillerce hereby demands a trial by jury.

/s/
Clay J. Christianson
Attorneys for Defendants
County of Lake, Mary Jane Figalde and Henry Bouillerce

## SIGNATURE ATTESTATION

**I attest that I have on file all holograph signatures for any signatures indicated by a conformed signature (/s/) within this e-filed document.**

/s/
Clay J. Christianson
Attorneys for Defendants
County of Lake, Mary Jane Figalde and Henry Bouillerce

KELLY JACKSON & CHRISTIANSON, LLP

Case No. CV 07 6299 BZ                                    U.S. District Court - Northern District

## PROOF OF SERVICE BY MAIL
[FRCivP 5(b)]

I am employed in the County of Sonoma, California. I am over the age of eighteen years and not a party to the within entitled cause; my business address is 90 South E Street, Suite 310, Santa Rosa, California 95404. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal Service, such correspondence would be deposited with the United States Postal Service that same day in the ordinary court of business.

On the date of execution of this declaration, I served the attached:

**DEFENDANT HENRY BOUILLERCE'S ANSWER TO COMPLAINT**

on the interested parties in said cause, addressed as follows:

Frear Stephen Schmid, Esq.                *Attorney for Plaintiff Dallas Woll*
177 Post Street, Suite 890                (415) 788-5957
San Francisco, CA 94108                   (415) 788-5958 Fax

__X__ (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid, on the date of execution of this declaration, with our office outgoing mail following ordinary business practices.

____ (BY PERSONAL SERVICE) I caused each such envelope to be delivered by hand to the addressee(s) noted above.

____ (BY FACSIMILE) I caused the said document to be transmitted by Facsimile machine to the number indicated above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that this declaration was executed on May 16, 2008, at Santa Rosa, California.

/s/
Linda Moldrem

KELLY JACKSON & CHRISTIANSON, LLP