1  Clay J. Christianson, Esq. (SBN 143024)
   Jacqueline M. Moreira, Esq. (SBN 130735)
2  KELLY JACKSON & CHRISTIANSON, LLP
   90 South E Street, Suite 300
3  Santa Rosa, California 95404
   (707) 578-7160
4  (707) 578-7469/Facsimile

5  Attorneys for Defendant
   County of Lake

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALLAS WOLL,<br><br>        Plaintiff,<br><br>        v.<br><br>COUNTY OF LAKE, MARY JANE FIGALDE, and HENRY BOUILLERCE, et al.,<br><br>        Defendants.<br>_____/ | Case No. CV 07 6299 BZ ENE<br>*(Unlimited Civil Case)*<br>Hon. Magistrate Bernard Zimmerman<br><br>**DEFENDANT COUNTY OF LAKE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION; POINTS & AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    October 22, 2008<br>Time:    10:00 a.m.<br>Courtroom G, 15th Floor<br>Trial Date: December 15, 2008 |

KELLY JACKSON &
CHRISTIANSON, LLP

TABLE OF CONTENTS

I.   INTRODUCTION .................................................................. 2

II.  FACTS ............................................................................. 3

III. ARGUMENT ....................................................................... 7

   A.  Standard of Review ........................................................ 7

   B.  Plaintiff's Procedural Due Process Rights, That He Claims under the Fifth,
       Ninth, and Fourteenth Amendments, Were Not Violated; Instead He Received
       Notice and the Opportunity to Be Heard ................................. 7

       1.  Municipalities Have the Authority to Abate a Nuisance as Long
           as the Property Owner Is Afforded Notice and Opportunity to Be
           Heard ............................................................... 7

       2.  Recording a Notice of Nuisance Is Not a "Taking" of the Same Degree
           as an Actual Abatement Action; Thus the Appropriate Form of Notice
           and Hearing May Be Informal ........................................ 8

       3.  County of Lake Afforded Plaintiff Due Process Prior to Recordation of
           the First Notice of Nuisance in Light of the Lesser "Taking," the Strong
           Governmental Interest and the Significant Post-deprivation Procedures
           Afforded ........................................................... 10

   C.  Plaintiff Cannot Establish Any Violation of the Fourth Amendment ........... 12

   D.  Plaintiff Cannot Establish a Violation of His First Amendment Right to Seek
       Redress and Petition ..................................................... 13

KELLY JACKSON &
CHRISTIANSON, LLP

Page ii

Defendant County of Lake's Notice of Motion and Motion for Summary Adjudication; Points & Authorities in Support Thereof

1  TABLE OF AUTHORITIES

2  FEDERAL CASES

3  *Anderson v. Liberty Lobby, Inc.* (1986) 477 U.S. 242 .................................................. 7

4  *Braithwaite v. Timken Co.* (6th Cir. 2001) 258 F.3d 488 .................................................. 7

5  *Brock v. Roadway Express, Inc.* (1987) 481 U.S. 252 .................................................. 8

6  *California Transport v. Trucking Unlimited* (1972) 404 U.S. 508 .................................................. 13

7  *Celotex Corp. v. Catrett* (1986) 477 U.S. 317 .................................................. 7

8  *Cleveland Bd. of Educ. v. Loudermill* (1985) 470 U.S. 532 .................................................. 8

9  *Conner v. City of Santa Ana* (9th Cir. 1990) 897 F.2d 1487 .................................................. 8

10 *Fuentes v. Sheven* (1972) 407 U.S. 67 .................................................. 9

11 *Goldberg v. Kelly* (1970) 397 U.S. 254, 263-271 [90 S.Ct 1011, 1013-1022 .................................................. 9

12 *Goldblatt v. Town of Hempstead* (1962) 369 U.S. 590, 594-95 .................................................. 8

13 *Hudson v. Palmer* (1984) 468 U.S. 517 .................................................. 8

14 *Jefferson v. Jefferson County Public School System* (6th Cir. 2004) 360 F.3d 583 .................................................. 8

15 *Mackey v. Montrym* (1979) 441 U.S. 1 .................................................. 10

16 *Mathews v. Eldridge* (1976) 424 U.S. 319 .................................................. 9, 10, 11

17 *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* (1996) 475 U.S. 574 .................................................. 7

18 *Samuels v. Meriweather* (8th Cir. 1996) 94 F.3d 1163 .................................................. 8, 13

19 *Soldal v. Cook County* 506 U.S. 56 .................................................. 12

20 *United States v. Jacobsen* (1984) 466 U.S. 109 .................................................. 12

21

22

23 STATE CASES

24 *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal. 4th 1106 .................................................. 13

25 *Greene v. Hawaiian Dredging Co.* (1945) 26 Cal. 2d 245 .................................................. 13

26 *Machado v. State Water Resources Control Board* (2001) 90 Cal.App.4th 720 .................................................. 9, 10

27 *Roth v. City of Los Angeles* (1976) 53 Cal.App.3d 679 .................................................. 10

28

KELLY JACKSON &
CHRISTIANSON, LLP

Page iii

Defendant County of Lake's Notice of Motion and Motion for Summary Adjudication; Points & Authorities in Support Thereof

FEDERAL STATUTES

42 U.S.C. §1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7, 14

FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ. P. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Fed. R. Civ. P. 56(d)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

TEXTS

*California Forms of Pleading and Practice* (Lexis, Matthew Bender) Chapter 126A;
Constitutional Law § 126A.44 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

KELLY JACKSON &
CHRISTIANSON, LLP

Page iv

Defendant County of Lake's Notice of Motion and Motion for Summary Adjudication; Points & Authorities in Support Thereof

1  Clay J. Christianson, Esq. (SBN 143024)
   Jacqueline M. Moreira, Esq. (SBN 130735)
2  KELLY JACKSON & CHRISTIANSON, LLP
   90 South E Street, Suite 300
3  Santa Rosa, California 95404
   (707) 578-7160
4  (707) 578-7469/Facsimile

5  Attorneys for Defendants
   County of Lake

6

7

8                           UNITED STATES DISTRICT COURT

9                           NORTHERN DISTRICT OF CALIFORNIA

10

11 | DALLAS WOLL,                                    | Case No.  CV 07 6299 BZ ENE
   |                                                 | *(Unlimited Civil Case)*
12 |         Plaintiff,                              | Hon. Magistrate Bernard Zimmerman
13 |    v.                                           | **DEFENDANT COUNTY OF LAKE'S
   |                                                 | NOTICE OF MOTION AND MOTION
14 |                                                 | FOR SUMMARY JUDGMENT OR IN
   | COUNTY OF LAKE, MARY JANE                       | THE ALTERNATIVE SUMMARY
15 | FIGALDE, and HENRY BOUILLERCE, et               | ADJUDICATION; POINTS &
   | al.,                                            | AUTHORITIES IN SUPPORT THEREOF**
16 |
17 |         Defendants.                             | Date:     October 22, 2008
   | _____/           | Time:     10:00 a.m.
18 |                                                 | Courtroom G, 15th Floor
   |                                                 | Trial Date: December 15, 2008

19 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20     Please take notice that on October 22, 2008, at 10:00 a.m., or as soon thereafter as counsel can

21 be heard, in Courtroom G, 15th Floor of the United States Court House, located at 450 Golden Gate

22 Avenue, San Francisco, California, Defendant, County of Lake, through counsel, will and do request

23 that this Court grant Defendants's motion for summary judgment, or in the alternative summary

24 adjudication on Count One, violation of 42 U.S.C. §1983, of plaintiff's complaint.

25     Defendant files this motion for summary judgment, or in the alternative summary

26 adjudication, pursuant to Federal Rules of Civil Procedure Rule 56(a), on the ground that there is no

27 genuine issue as to any material fact, and that moving defendant is entitled to summary judgment or

28

KELLY JACKSON &
CHRISTIANSON, LLP

Page 1

Defendant County of Lake's Notice of Motion and Motion for Summary Adjudication; Points & Authorities in Support
Thereof

1  summary adjudication as a matter of law, because plaintiff was afforded due process and cannot state
2  a claim under the Fifth, Ninth and/or Fourteenth Amendments to the U.S. Constitution and because
3  plaintiff did not suffer unreasonable search or seizure and cannot state a claim under the Fourth
4  Amendment to the U.S. Constitution and because plaintiff was not deprived of his right to petition
5  and cannot state a claim under the First Amendment to the U.S. Constitution; thus, plaintiff's First
6  Cause of Action must fail as a matter of law.

7  Plaintiff's motion is based on this Notice of Motion and Motion, Points & Authorities in
8  Support Thereof, the Joint Statement of Undisputed Facts, the Declarations of Henry "Hank"
9  Bouillerce and Clay J. Christianson filed herewith, the pleadings and other papers filed in this action,
10 and any other matters that defendant may present to the Court at the time of the hearing on this
11 motion.

13 Dated:  September 11, 2008          KELLY JACKSON & CHRISTIANSON, LLP

16                              By: _____
17                                  Clay J. Christianson
                                    Attorneys for Defendants
                                    County of Lake

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

### I. INTRODUCTION

24 Plaintiff Dallas Woll claims that the County of Lake failed to provide him due process and
25 deprived him of his constitutional rights following the issuance and recording of a notice of nuisance
26 because he was operating a commercial business on land zoned for agriculture. The undisputed facts
27 establish, however, that due process was afforded. Assuming the recordation of a Notice of Nuisance

KELLY JACKSON & CHRISTIANSON, LLP

Page 2

Defendant County of Lake's Notice of Motion and Motion for Summary Adjudication; Points & Authorities in Support Thereof

is a "taking" of property, it is, nonetheless, quite a minor interference with plaintiff's property rights[1]. Thus, the pre-deprivation due process need only provide, on an informal basis, notice of the violation and an opportunity to contact the County to address and or contest the proposed abatement action. Such notice and opportunity was provided by the County at the time the Notice was issued. Moreover, significant post-deprivation due process was provided prior to taking any abatement action and, in fact, no abatement action was ever actually taken by the County. The post-deprivation review afforded is directly relevant to a determination of the sufficiency of the pre-deprivation review. For these reasons, plaintiff cannot state a claim under the Fifth, Ninth and/or Fourteenth Amendments to the U.S. Constitution. Lastly, because no actual abatement occurred, plaintiff did not suffer unreasonable search or seizure and cannot state a claim under the Fourth Amendment to the U.S. Constitution and cannot state any facts to support a claim that he was denied his right to petition under the First Amendment to the U.S. Constitution.

## II. FACTS

This case involves plaintiff's operation of a "Roto-Rooter" business on land zoned for agricultural, not commercial, operations at 6585 Jacobsen Road, Kelseyville, California. The property at issue is located at 6585 Jacobsen Road, Kelseyville, California ("the property"). (Joint Statement of Material Facts Not in Dispute and Citation to Evidence filed herewith, Fact No. 1 ("SMF 1")). This case spans decades. On September 4, 1991, a case was opened by the County based upon a citizen complaint alleging the operation of a "Roto-Rooter" business on land zoned for Agriculture. Investigation by the County involved confirmation of the complaint, and advising Dallas and Theresa Woll, the owners of the property in violation, of the complaint and the issuance of a Notice of Violation. Thereafter, the owners relocated the business to a commercial property in Kelseyville, California. The case was closed on January 7, 1993. (SMF 2)

On May 19, 2000, the Code Compliance Division of the Community Development Department for the County of Lake again received a complaint relating to the operation of a septic

---

[1] Defendant admits, solely for the purpose of this motion that the recording of the Notice of Nuisance constitutes a "taking" but reserves its right to argue otherwise at trial.

KELLY JACKSON &
CHRISTIANSON, LLP

Page 3

Defendant County of Lake's Notice of Motion and Motion for Summary Adjudication; Points & Authorities in Support Thereof

1  tank pumping business with an office and shop at the same property owned by Dallas and Theresa
2  Woll.  Defendant Hank Bouillerce was the Manager of the Code Compliance Division at the time and
3  is now retired.  Despite this complaint, the case became inactive. (SMF 3)
4      During a site visit on April 2, 2004, the County confirmed that a Roto-Rooter business was
5  again operating on the property.  On April 14, 2004, the County Code Compliance Officer issued a
6  Notice of Nuisance and posted and mailed it certified.  On the same date, the Notice of Nuisance was
7  recorded with the County Recorder's office.  The notice indicated that the condition causing the
8  nuisance was operating a commercial plumbing business in an Agriculture or (A) zoning district.  It
9  gave the Wolls until May 7, 2004 to abate.  The Wolls were further informed that if it was not abated,
10 within the time prescribed, enforcement will apply to the Board of Supervisors for an order to abate
11 said premises.  The Notice specifically advised to "Contact Lake County Planning Department for
12 information regarding correct zoning for Commercial Business uses." (SMF 4)
13     On August 2, 2004, Mr. Bouillerce advised Theresa Woll of what needed to be done in order
14 to come into compliance with county codes. (SMF 5)  During a subsequent site visit on November 3,
15 2004, owner Dallas Woll was witnessed operating a tanker truck returning to the property and hauling
16 a "blue room." (SMF 6)
17     Mr. Bouillerce interviewed Mr. Woll during a site visit on December 8, 2005.  He said he
18 considered his business to be agriculture related use of the property because he was providing service
19 to the surrounding farms and vineyards in and around the area of his property.  A review of the Lake
20 County Zoning Ordinance failed to identify a plumbing, sewage, septic or pumping business as an
21 allowed use for the Agriculture Zoning District.  A review of the local telephone directory revealed an
22 advertisement for this Roto-Rooter business.  The ad listed seven (7) telephone numbers for seven
23 cities in Lake and Mendocino Counties.  A review of records disclosed no permits issued for this
24 business. (SMF 7)
25     On December 16, 2005, a superceding Notice of Nuisance was issued and recorded as it had
26 been more than a year since the last Notice of Nuisance was issued, and on December 19, 2005, it was
27 posted and mailed, via certified mail, to the owners.  The Notice indicated that it was issued pursuant
28

KELLY JACKSON & CHRISTIANSON, LLP

Page 4

Defendant County of Lake's Notice of Motion and Motion for Summary Adjudication; Points & Authorities in Support Thereof

to Lake County Code, Chapter 13, Article 1 et. seq.  The condition causing the nuisance was listed as follows: "Operating a commercial plumbing business entitled 'Roto-Rooter Plumbers' and providing plumbing, sewer and drain services not allowed in the Agriculture (A) zoning district."  Completion of said abatement was January 15, 2006.  The Notice stated: "Contact the Lake County Planning Division for information regarding the correct zoning for Commercial Business use."  The superceding Notice of Nuisance was returned due to a wrong address and remailed, on January 11, 2006 to a new mailing address, after which a U.S. Postal Service receipt of delivery was received on January 17, 2006. (SMF 8)  On February 8, 2006, a review of records disclosed an appropriate permit had not yet been issued or applied for. (SMF 9)

On February 9, 2006, the Notice to Abate Nuisance was issued and mailed, certified.  The Notice to Abate stated:

> PURSUANT TO LAKE COUNTY CODE, CHAPTER 13, ARTICLE 1 et. seq., NOTICE IS HEREBY GIVEN TO APPEAR BEFORE THE LAKE COUNTY BOARD OF SUPERVISORS AT 9:15 a.m. ON THE 28TH DAY OF FEBRUARY, 2006 IN THE LAKE COUNTY COURTHOUSE, 255 NORTH FORBES STREET, LAKEPORT, CALIFORNIA, TO SHOW CAUSE, IF ANY THERE BE, WHY SUCH CONDITION(S) SHOULD NOT BE CONDEMNED AS A NUISANCE AND WHY SUCH NUISANCE NOT BE ABATED BY THE ENFORCEMENT OFFICIAL. (SMF 10)

While at the property to post the Notice to Abate Nuisance, Mr. Bouillerce spoke to owner Dallas Woll and handed him a copy of the document.  At that time, Woll charged that a lien had illegally been placed on the property sometime during November or December 2005.  Mr. Bouillerce told him the document he was referring to was not a lien but a superseding Notice of Nuisance, which was recorded, mailed and posted at the property in December 2005, and, later, remailed to a corrected address.  Further, a receipt of delivery had been received from the postal service revealing that delivery had been made.  Woll denied receiving the document and stated he would take legal action by suing the County of Lake and the Director of the Community Development Department. (SMF 11)

The case file reveals that the superceding Notice of Nuisance was issued and recorded on December 16, 2005 and posted and mailed certified on December 19, 2005; returned and remailed on January 11, 2006.  The due date was reset for February 11, 2006.  On January 17, 2006, the

KELLY JACKSON & CHRISTIANSON, LLP

Page 5

Defendant County of Lake's Notice of Motion and Motion for Summary Adjudication; Points & Authorities in Support Thereof

department received certified mail receipt (signed for) by "D Woll" on January 13, 2006. (SMF 12)

A notice to abate the nuisance was posted at Mr. Woll's property at 11:00 a.m. on February 9, 2006 by Mr. Bouillerce. A copy of the document was also handed to Mr. Woll at that time. Further, it was mailed the same date, certified mail, return receipt requested. The receipt was returned February 13, 2006. (SMF 13)

On February 22, 2006, Rick Coel, the Deputy Director, telefaxed to the Woll's current attorney, Frear Stephen Schmid, the Lake County Code section dealing with Major Use Permit and the Staff Report. The properly noticed Board of Supervisors hearing was held on February 28, 2006. The hearing was indefinitely continued to allow Woll to apply for a major use permit. The Board agreed to delay any decision pending the major use permit results. (SMF 14)

On March 9, 2006, the Community Development Department received the Wolls' Use Permit application. On September 12, 2006, Richard Coel, Assistant Community Planning Director, issued a Staff Report to the Planning Commission. The Staff actually recommended approval of the Wolls request for a major use permit to continue to operate this business. (SMF 15)

Nevertheless, on September 28, 2006, the Planning Commission unanimously denied the Wolls use permit for the existing portable chemical toilet, septic service and plumbing business on their property. The Planning Commission denied the applicant's request for a Major Use Permit. (SMF 16)

The Wolls appealed the Planning Commission's decision to the Board of Supervisors on October 3, 2006. On March 9, 2007, appellant Dallas Woll submitted a brief in support of his appeal from the Planning Commission's denial of the use permit. The Board denied the appeal during a hearing on March 17, 2007. (SMF 17) On July 19, 2007, Dallas Woll filed a petition for writ of administrative mandamus with the Lake County Superior Court. (SMF 18)

On August 29, 2007, a site visit to the property revealed that the Wolls were still operating the business six months after the Board issued its decision. (SMF 19) Significantly, no abatement action has ever been taken on this property despite the ample notice and hearing actions that have been taken by the County.

KELLY JACKSON & CHRISTIANSON, LLP

Page 6

Defendant County of Lake's Notice of Motion and Motion for Summary Adjudication; Points & Authorities in Support Thereof

1   The complaint was filed December 13, 2007, and alleges causes of action pursuant to 42 U.S.C. § 1983 under the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution for deliberate indifference to constitutional rights and denial of due process. Plaintiffs seek injunctive relief and recovery of general and special damages, punitive damages, attorneys' fees and costs. (Complaint attached as Exhibit "A" to Declaration of Clay J. Christiansen filed herewith.)

### III. ARGUMENT

#### A. STANDARD OF REVIEW

Summary judgment is proper only where there exists no genuine issue of material fact and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party. (*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* (1996) 475 U.S. 574, 587 [106 S. Ct. 1348, 89 L. Ed. 2d 538].) The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial. (*Celotex Corp. v. Catrett* (1986) 477 U.S. 317, 322-23 [106 S. Ct. 2548, 91 L. Ed. 2d 265].) The court may also grant summary adjudication on a part of the action rather than the action as a whole. Fed. R. Civ. P. 56(d)(1). The party opposing the motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but...must set forth specific facts showing that there is a genuine issue for trial." (*Anderson v. Liberty Lobby, Inc.* (1986) 477 U.S. 242, 248 [106 S. Ct. 2505, 2510].) "If after reviewing the record as a whole a rational factfinder could not find for the nonmoving party, summary judgment is appropriate." *Braithwaite v. Timken Co.* (6th Cir. 2001) 258 F.3d 488, 493.

#### B. PLAINTIFF'S PROCEDURAL DUE PROCESS RIGHTS, THAT HE CLAIMS UNDER THE FIFTH, NINTH, AND FOURTEENTH AMENDMENTS, WERE NOT VIOLATED; INSTEAD HE RECEIVED NOTICE AND THE OPPORTUNITY TO BE HEARD

   **1.  Municipalities Have the Authority to Abate a Nuisance as Long as the**

KELLY JACKSON & CHRISTIANSON, LLP

Page 7

Defendant County of Lake's Notice of Motion and Motion for Summary Adjudication; Points & Authorities in Support Thereof

**Property Owner Is Afforded Notice and Opportunity to Be Heard**

The regulation and abatement of nuisances is generally a proper exercise of a governmental entity's police power. It is entirely reasonable for a governmental entity to prescribe minimum property maintenance standards for purposes of health and safety and to maintain adjacent land values. *Goldblatt v. Town of Hempstead* (1962) 369 U.S. 590, 594-95. It is also reasonable that nuisance abatement be one of the enforcement mechanisms available to a municipality. Thus, the abatement of a nuisance is permissible if the property owner is first provided due process. *See, e.g., Samuels v. Meriweather* (8th Cir. 1996) 94 F.3d 1163, 1166-67 (upholding legality of destroying building when owners failed to abate nuisance); *Conner v. City of Santa Ana* (9th Cir. 1990) 897 F.2d 1487 (finding no due process violation where plaintiffs claimed their vehicles had been seized by the city without judicial intervention). Generally, the process that is due before a property deprivation occurs consists of prior notice and an opportunity to be heard to present reasons why the proposed action should not be taken. *Brock v. Roadway Express, Inc.* (1987) 481 U.S. 252, 261; *Cleveland Bd. of Educ. v. Loudermill* (1985) 470 U.S. 532, 546. If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury. *Hudson v. Palmer* (1984) 468 U.S. 517, 533; *Jefferson v. Jefferson County Public School System* (6th Cir. 2004) 360 F.3d 583, 587-88. Due process requires that plaintiff be given notice and an opportunity for a hearing; it does not guarantee that the right outcome be reached. *Brock v. Roadway Express* (1987) 481 U.S. 252, 261.

**2. Recording a Notice of Nuisance Is Not a "Taking" of the Same Degree as an Actual Abatement Action; Thus the Appropriate Form of Notice and Hearing May Be Informal**

As more fully set forth in the factual summary above, plaintiff was afforded due process as adequate notice and opportunity to be heard was provided prior to the first recordation of a Notice of Nuisance in April 2004. A key distinction in this case, in comparison with typical nuisance abatement cases, is that an actual abatement never occurred. The taking that plaintiff claims here was not abatement action, but rather the recording of the Notice of Nuisance. This "taking" is of a much lesser nature than cases that involve "taking" by entering the plaintiff's property, correcting the

KELLY JACKSON & CHRISTIANSON, LLP

Page 8

Defendant County of Lake's Notice of Motion and Motion for Summary Adjudication; Points & Authorities in Support Thereof

1  nuisance and billing plaintiff for the costs of the corrective action.  Here, the Notice was merely filed
2  with the County Recorder.  Also, it did not even have the drastic effect of a prejudgment attachment
3  or lis pendens; both of which adversely affect the title and impair marketability of the property.  That
4  is not the case here.  The recording of the Notice of Nuisance merely placed the public, including
5  potential buyers, on notice of the violation and *potential* corrective action.  The nature of this lesser
6  type of "taking" is a factor in making a determination as to the appropriate form of hearing or due
7  process required.  The Supreme court has recognized that, "the length and consequent severity of a
8  deprivation may be another factor to weigh in determining the appropriate form of hearing..."
9  *Fuentes v. Sheven* (1972) 407 U.S. 67, 86; [92 S. Ct. 1983; 32 L. Ed. 2d 556].
10      In *Mathews v. Eldridge* (1976) 424 U.S. 319, 335 [96 S. Ct. 893.902-903], the Supreme Court
11  examined the parameters of the due process required prior to a "taking" and noted,

> "the truism that due process, unlike some legal rules, is not a technical conception
> with a fixed content unrelated to time, place and circumstances. (*Citation omitted.*)
> Due process is flexible and calls for such procedural protections as the particular
> situation demands. (*Citation omitted.*) ,,, [I]dentification of the specific dictates of due
> process generally requires consideration of three distinct factors: First, the private
> interest that will be affected by the official action; second, the risk of an erroneous
> deprivation of such interest through the procedures used, and the probable value, if
> any, of additional or substitute procedural safeguards; and finally, the Government's
> interest, including the function involved and the fiscal and administrative burdens that
> the additional or substitute procedural requirement would entail.  *Id.* at 334-335 (citing
> *Goldberg v. Kelly* (1970) 397 U.S. 254, 263-271 [90 S.Ct 1011, 1013-1022]).

23      As noted by subsequent case law, where the party has had an "*informal opportunity*" to
24  dispute the abatement determination and the abatement serves an important environmental or welfare
25  interest that needs to be addressed without delay, application of the Eldridge factors supports
26  sufficiency of due process.  *Machado v. State Water Resources Control Board* (2001) 90 Cal.App.4th
27  720, 726-728 (*emphasis added*).  Moreover, when post-deprivation review is available for correction
28

KELLY JACKSON &
CHRISTIANSON, LLP

Page 9

Defendant County of Lake's Notice of Motion and Motion for Summary Adjudication; Points & Authorities in Support
Thereof

1  of administrative error, pre-deprivation procedures must merely provide "a reasonably reliable basis
2  for concluding that the facts justifying the official action are as a reasonable governmental official
3  warrants them to be." *Id.* at 726 (quoting *Mackey v. Montrym* (1979) 441 U.S. 1, 13 [99 S.Ct. 2612,
4  2618]. Also, due process is satisfied where notice and an opportunity to be heard are afforded the
5  property owner at *some time* before the assessment becomes final and that such notice is sufficient
6  even where it is given after the improvement but before the assessment becomes final. *Roth v. City of*
7  *Los Angeles* (1976) 53 Cal.App.3d 679, 689 (*emphasis added*).

**3. County of Lake Afforded Plaintiff Due Process Prior to Recordation of the First Notice of Nuisance in Light of the Lesser "Taking," the Strong Governmental Interest and the Significant Post-deprivation Procedures Afforded**

Plaintiff had notice that he was not to operate a commercial business on his agriculturally-zoned land as early as 1991. In September 1991, the owners received a Notice of Violation and as a result relocated their "Roto-Rooter" business to commercial property elsewhere. (SMF 2) This certainly afforded notice to plaintiff that he was not to operate a commercial business on his premises. Nonetheless, plaintiff started another commercial business, a septic tank pumping business with office and shop, on the same property some time after 1991 and prior to May 2000 when a second neighbor complaint alerted the County. (SMF 3) For reasons, now unknown, plaintiff managed to avoid scrutiny in May 2000 but approximately four years later, in April 2004, the County discovered, upon a site visit, that again, a "Roto-Rooter" business was operating on the property. (SMF 3, 4) On April 14, 2004, the first Notice of Nuisance was mailed to the owners and recorded with the County. The Notice that plaintiff received notified of the conditions causing the nuisance, gave plaintiff time to correct, and specifically advised to "Contact Lake County Planning Department for information regarding correct zoning for Commercial Business uses." (SMF 4) The recordation of the Notice, if a "taking" at all, was a minor "taking" that did not encumber marketability of the property, did not result in entry of the property for abatement action, and did not result in any civil or criminal penalties to plaintiff. Any actual "action" regarding the property was merely *proposed* at that point. (SMF 4) Thus, under the *Eldridge* factors, and subsequent case law, adequate notice and opportunity was provided.

KELLY JACKSON & CHRISTIANSON, LLP

Page 10

Defendant County of Lake's Notice of Motion and Motion for Summary Adjudication; Points & Authorities in Support Thereof

1   On April 14, 2004, in light of plaintiff's prior violation and blatant disregard for the zoning
2   restrictions on his property by renewing his commercial enterprise, the County had a reasonably
3   reliable basis for concluding that plaintiff was not going to comply unless compelled to do so. (SMF
4   2-4). The County issued the notice and made sure it would reach plaintiff via certified mail.  The
5   Notice itself made quite clear the nature of the violation and the actions that the County would take
6   absent remedial action by the plaintiff.  Significantly, the Notice further specifically advised to
7   "Contact Lake County Planning Department for information regarding correct zoning for Commercial
8   Business uses." (SMF 4)  Thus, plaintiff was afforded an *informal opportunity* to contact the County
9   and request a hearing to contest the action before the minor taking was to occur.  The Notice
10  specifically provided contact information on its face allowing plaintiff sufficient opportunity for
11  hearing.
12      Moreover, under *Eldridge,* the private interest affected (via a mere Notice of Nuisance) is
13  minimal, the risk of erroneous deprivation was slight in that no actual abatement action was to occur
14  without further notice and hearing and the governmental interest in avoiding public nuisance and
15  reduction of property values was an important environmental interest to be protected (recognized by
16  statutes that allow municipalities to prescribe minimum property maintenance standards for purposes
17  of health and safety).  Weighing all these factors, the notice provided to plaintiff was sufficient to
18  fulfill the due process requirements at this stage.
19      Lastly, the post-deprivation review afforded here was significant and is a further factor that
20  supports the sufficiency of the pre-deprivation review.  Despite the history that clearly notified
21  plaintiff not to operate commercially on the property, several months later plaintiff continued to run
22  his business from the property.  In August 2004, Mrs. Woll was advised of the need to comply with
23  the zoning laws. (SMF 5)  In December 2005, the County official spoke to plaintiff on the site and
24  plaintiff asserted his intent to continue such non-compliant use. (SMF 6-7)  Thus, later that month, on
25  December 16, 2005, a superceding Notice of Nuisance was issued as it had been more than a year
26  since the last Notice of Nuisance was issued and recorded, and on December 19, 2005, it was posted
27  and mailed, via certified mail, to the owners. (SMF 8)  Again, this Notice identified the condition
28

KELLY JACKSON &
CHRISTIANSON, LLP

Defendant County of Lake's Notice of Motion and Motion for Summary Adjudication; Points & Authorities in Support Thereof

1  causing the nuisance and allowed contact with the Lake County Planning Division for information
2  regarding the correct zoning.  The notice was returned but properly mailed and received by plaintiff
3  on January 11, 2006.  Thereafter, a Notice to Abate Nuisance was issued and mailed, certified and
4  personally delivered to plaintiff on February 9, 2006. (SMF 8)  On February 9, 2006, a Notice to
5  Abate Nuisance was issued, posted, personally served and mailed, certified notifying of a hearing
6  before the Board of Supervisors. (SMF 10, 13)  Thereafter, a properly noticed Board of Supervisors
7  hearing was held on February 28, 2006, and was continued, after the Wolls appeared and advised they
8  had applied for a major use permit. (SMF 14)  It was not until March 9, 2006, the Community
9  Development Department received the Wolls' Use Permit application and on September 28, 2006, the
10 Planning Commission unanimously denied the Wolls' use permit request for the existing portable
11 chemical toilet, septic service and plumbing business on their property. (SMF 15-16)  The Planning
12 Commission issued reasons for its findings that were provided to plaintiff.  Plaintiff appealed the
13 Planning Commission's decision to the Board of Supervisors on October 3, 2006, and the Board
14 denied the appeal during a hearing on March 17, 2007. (SMF 16-17)

15     All of these hearings allowed sufficient "notice and opportunity" as required by the
16 Constitution most especially in light of the fact that *actual abatement of the nuisance never occurred*.
17 Plaintiff cannot realistically complain of a lack of due process.

**C.  PLAINTIFF CANNOT ESTABLISH ANY VIOLATION OF THE FOURTH AMENDMENT**

20    A "seizure" of property occurs when "'there is some meaningful interference with an
21 individual's possessory interest in that property.'" *Soldal v. Cook County* (1992) 506 U.S. 56, 61,
22 quoting *United States v. Jacobsen* (1984) 466 U.S. 109, 113. "In determining whether a government
23 seizure violates the Fourth Amendment, the seizure must be examined for its overall reasonableness"
24 based on a careful balancing of private and governmental interests. *Id.*

25    The County asserts that no such seizure of property occurred.  The County recorded the Notice
26 of Nuisance so as to provide notice.  As aforementioned, the recording of such a Notice does not
27 impair the marketability of the property.  It does not constitute a seizure of property.

KELLY JACKSON & CHRISTIANSON, LLP

Page 12

Defendant County of Lake's Notice of Motion and Motion for Summary Adjudication; Points & Authorities in Support Thereof

1  Moreover, "an abatement carried out in accordance with procedural due process is reasonable
2  in the absence of any factors that outweigh governmental interests." *Samuels v. Meriwether,* 94 F.3d
3  1163, 1168 (8th Cir. 1996). Plaintiff here cannot establish a valid claim of unreasonable behavior on
4  the part of the County; thus, there exists no Fourth Amendment violation.

### D. PLAINTIFF CANNOT ESTABLISH A VIOLATION OF HIS FIRST AMENDMENT RIGHT TO SEEK REDRESS AND PETITION

7  Plaintiff's complaint alleges defendant deprived plaintiff of his "First Amendment right to
8  seek redress and petition in that the recorded "Notice of Nuisance" prohibited plaintiff from
9  redressing the issues set forth in the notice...." Plaintiff cites no authority that such right cannot be
10 satisfied by actions taken by the County after the first Notice of Nuisance was recorded. Moreover, as
11 demonstrated above, plaintiff was afforded an opportunity, albeit informal, to contact the County to
12 seek review of the Code Compliance Officer's determination that plaintiff's land was not code
13 compliant in April 2004 when the first Notice was recorded. More importantly, plaintiff was afforded
14 plenty of opportunity to address the County and seek relief between April 2004 and final
15 determination by the Board of Supervisors in March 2007.

16 The federal and state constitutional right to petition for redress of grievances is the right of the
17 governed to petition those exercising the powers of government (*Greene v. Hawaiian Dredging Co.*
18 (1945) 26 Cal. 2d 245, 251, 157 P.2d 367). It encompasses the right to lobby, file an administrative
19 action, sue, and testify. (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal. 4th 1106,
20 1115, [81 Cal. Rptr. 2d 471, 969 P.2d 564]; see *California Transport v. Trucking Unlimited* (1972)
21 404 U.S. 508, 510 [92 S. Ct. 609, 611-612, 30 L. Ed. 2d 642, 646] (right to sue)] all cited in
22 *California Forms of Pleading and Practice* (Lexis, Matthew Bender) Chapter 126A; Constitutional
23 Law § 126A.44. Plaintiff's complaint fails to allege facts that demonstrate he was denied the right to
24 "file an administrative action, sue or testify." In fact, he has done all three and continues this
25 litigation as proof that he has been allowed to exercise his First Amendment rights. Lastly, despite
26 review of much case law relating to a governmental entities right to regulate and abate nuisances,
27 defendant is unaware of any case law in this context that addresses this First Amendment right.

28

KELLY JACKSON & CHRISTIANSON, LLP

Page 13

Defendant County of Lake's Notice of Motion and Motion for Summary Adjudication; Points & Authorities in Support Thereof

## IV. CONCLUSION

Defendant, County of Lake, respectfully requests summary judgment in its favor and against plaintiff on Count One, violation of 42 U.S.C. §1983, of plaintiff's complaint. Entry of summary judgment is appropriate because plaintiff was afforded due process and cannot state a claim under the Fifth, Ninth and/or Fourteenth Amendments to the U.S. Constitution and because plaintiff did not suffer unreasonable search or seizure and cannot state a claim under the Fourth Amendment to the U.S. Constitution and because plaintiff was not deprived of his right to petition and cannot state a claim under the First Amendment to the U.S. Constitution.

Dated: September 11, 2008           KELLY JACKSON & CHRISTIANSON, LLP


By /s/
Clay J. Christianson
Attorneys for Defendant County of Lake


**SIGNATURE ATTESTATION**

**I attest that I have on file all holograph signatures for any signatures indicated by a conformed signature (/s/) within this e-filed document.**


/s/
Clay J. Christianson
Attorneys for Defendant
County of Lake

KELLY JACKSON & CHRISTIANSON, LLP

Page 14

Defendant County of Lake's Notice of Motion and Motion for Summary Adjudication; Points & Authorities in Support Thereof