Clay J. Christianson, Esq. (SBN 143024)
Jacqueline M. Moreira, Esq. (SBN 130735)
KELLY JACKSON & CHRISTIANSON, LLP
90 South E Street, Suite 300
Santa Rosa, California 95404
(707) 578-7160
(707) 578-7469/Facsimile

Attorneys for Defendants
County of Lake, Mary Jane Figalde
and Henry Bouillerce

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALLAS WOLL,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF LAKE, MARY JANE FIGALDE, and HENRY BOUILLERCE, et al.,<br><br>    Defendants.<br>_____/ | Case No. CV 07 6299 BZ ENE<br>*(Unlimited Civil Case)*<br>Hon. Magistrate Bernard Zimmerman<br><br>**DECLARATION OF HENRY "HANK" BOUILLERCE IN SUPPORT OF DEFENDANT COUNTY OF LAKE'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>Date:    October 22, 2008<br>Time:    10:00 a.m.<br>Courtroom G, 15th Floor<br>Trial Date: December 15, 2008 |

I, HENRY "HANK" BOUILLERCE, declare:

    1.    I am now a retired employee for the County of Lake. During my employment, and at all relevant times in relation to this litigation, I was employed by the County of Lake, as Code Compliance Officer from 2002 until approximately September 2004 when I became Manager of the Code Compliance Division of the Community Development Department. At all times herein mentioned, I was acting in my capacity as an employee and agent of the County of Lake. I have personal knowledge of the facts in this declaration and if called to testify about them, I would and could do so competently.

    2.    This case involves operation of a "Roto-Rooter" business on land zoned for

Page 1

1  agricultural, not commercial, operations at 6585 Jacobsen Road, Kelseyville, California ("the
2  property"). County records reveal that the owners of the property are Dallas and Theresa Woll ("the
3  owners"). Attached hereto marked Exhibit "A" is a true and correct copy of a chronology relating to
4  the property prepared by me based upon my review of the files kept in the regular course of business
5  by the County of Lake.

6       3.    On September 4, 1991, a case was opened by the County based upon a citizen
7  complaint alleging the operation of a "Roto-Rooter" business on the property that was zoned for
8  Agriculture. Investigation by the County involved confirmation of the complaint, and advising Dallas
9  and Theresa Woll, the owners of the property in violation, of the complaint and the issuance of a
10 Notice of Violation. Thereafter, the owners relocated the business to a commercial property in
11 Kelseyville, California. The case was closed on January 7, 1993.

12      4.    On May 19, 2000, the Code Compliance Division of the Community Development
13 Department for the County of Lake again received a complaint relating to the operation of a septic
14 tank pumping business with an office and shop at the same property owned by Dallas and Theresa
15 Woll. Despite this complaint, the case became inactive.

16      5.    During a site visit on April 2, 2004, the Lake County Code Compliance Division
17 confirmed that a Roto-Rooter business was again operating on the property. On April 14, 2004, the
18 code compliance officer issued a Notice of Nuisance and posted and mailed it certified. On the same
19 date, the Notice of Nuisance was recorded with the County Recorder's office. (A true and correct
20 copy of this Notice of Nuisance is attached hereto marked Exhibit "B") The notice indicated that the
21 condition causing the nuisance was operating a commercial plumbing business in an Agriculture or
22 (A) zoning district. It gave the Wolls until May 7, 2004 to abate. The Wolls were further informed
23 that if it was not abated, within the time prescribed, enforcement will apply to the Board of
24 Supervisors for an order to abate said premises. The Notice specifically advised to "Contact Lake
25 County Planning Department for information regarding correct zoning for Commercial Business
26 uses."

27      6.    On August 2, 2004, I advised Theresa Woll of what needed to be done in order to
28 come into compliance with county codes.

KELLY JACKSON &
CHRISTIANSON, LLP

7. During a subsequent site visit, after I became Manager of the Code Compliance Division, on November 3, 2004, I witnessed owner Dallas Woll operating a tanker truck returning to the property and hauling a "blue room."

8. I interviewed Mr. Woll during a site visit on December 8, 2005. He said he considered his business to be agriculture related use of the property because he was providing service to the surrounding farms and vineyards in and around the area of his property. My review of the Lake County Zoning Ordinance failed to identify a plumbing, sewage, septic or pumping business as an allowed use for the Agriculture Zoning District. My review of the local telephone directory revealed an advertisement for this Roto-Rooter business. The ad listed seven (7) telephone numbers for seven cities in Lake and Mendocino Counties. A review of records disclosed no permits issued for this business.

9. On December 16, 2005, a superceding Notice of Nuisance was issued and recorded as it had been more than a year since the last Notice of Nuisance was issued, and on December 19, 2005, it was posted and mailed, via certified mail, to the owners. (A true and correct copy of this Notice of Nuisance is attached hereto marked Exhibit "C") The Notice indicated that it was issued pursuant to Lake County Code, Chapter 13, Article 1 et. seq. The condition causing the nuisance was listed as follows: "Operating a commercial plumbing business entitled 'Roto-Rooter Plumbers' and providing plumbing, sewer and drain services not allowed in the Agriculture (A) zoning district." Completion of said abatement was January 15, 2006. The Notice stated: "Contact the Lake County Planning Division for information regarding the correct zoning for Commercial Business use." The superceding Notice of Nuisance was returned due to a wrong address and remailed, on January 11, 2006 to a new mailing address, after which a U.S. Postal Service receipt of delivery was received by my office on January 17, 2006.

10. On February 8, 2006, my review of records disclosed an appropriate permit had not yet been issued or applied for.

11. On February 9, 2006, the Notice to Abate Nuisance was issued and mailed, certified. (A true and correct copy of this Notice to Abate Nuisance is attached hereto marked Exhibit "D") The Notice to Abate stated:

PURSUANT TO LAKE COUNTY CODE, CHAPTER 13, ARTICLE 1 et. seq., NOTICE IS HEREBY GIVEN TO APPEAR BEFORE THE LAKE COUNTY BOARD OF SUPERVISORS AT 9:15 a.m. ON THE 28TH DAY OF FEBRUARY, 2006 IN THE LAKE COUNTY COURTHOUSE, 255 NORTH FORBES STREET, LAKEPORT, CALIFORNIA, TO SHOW CAUSE, IF ANY THERE BE, WHY SUCH CONDITION(S) SHOULD NOT BE CONDEMNED AS A NUISANCE AND WHY SUCH NUISANCE NOT BE ABATED BY THE ENFORCEMENT OFFICIAL.

12. While at the property to post the Notice to Abate Nuisance on February 9, 2006, I spoke to owner Dallas Woll and handed him a copy of the document. At that time, Woll charged that a lien had illegally been placed on the property sometime during November or December 2005. I told him the document he was referring to was not a lien but a superseding Notice of Nuisance, which was recorded, mailed and posted at the property in December 2005, and, later, remailed to a corrected address. I further told him a receipt of delivery had been received from the postal service revealing that delivery had been made. Woll denied receiving the document and stated he would take legal action by suing the County of Lake and the Director of the Community Development Department.

13. The case file reveals that the superceding Notice of Nuisance was issued and recorded on December 16, 2005 and posted and mailed certified on December 19, 2005; returned and remailed on January 11, 2006. The due date was reset for February 11, 2006. On January 17, 2006, the department received a certified mail receipt (signed for) by "D Woll" on January 13, 2006.

14. On February 9, 2006 at 11:00 a.m., I posted, at Mr. Woll's property the Notice to Abate Nuisance. A copy of the document was also handed to Mr. Woll at that time. Further, it was mailed to him on the same date, certified mail, return receipt requested. The receipt was returned February 13, 2006.

15. On February 22, 2006, Rick Coel, the Deputy Director, telefaxed to the Woll's current attorney, Frear Stephen Schmid, the Lake County Code section dealing with Major Use Permit and the Staff Report. The properly noticed Board of Supervisors hearing was held on February 28, 2006. The hearing was indefinitely continued to allow Woll to apply for a major use permit. The Board agreed to delay any decision pending the major use permit results.

16. On March 9, 2006, the Community Development Department received the Wolls' Use Permit application. On September 12, 2006, Richard Coel, Assistant Community Planning Director,

issued a Staff Report to the Planning Commission. The Staff actually recommended approval of the Wolls' request for a major use permit to continue to operate this business.

17. Nevertheless, on September 28, 2006, the Planning Commission unanimously denied the Wolls' use permit for the existing portable chemical toilet, septic service and plumbing business on their property. The Planning Commission denied the applicant's request for a Major Use Permit.

18. The Wolls appealed the Planning Commission's decision to the Board of Supervisors on October 3, 2006. On March 9, 2007, appellant Dallas Woll submitted a brief in support of his appeal from the Planning Commission's denial of the use permit. The Board denied the appeal during a hearing on March 17, 2007.

19. On July 19, 2007, Dallas Woll filed a petition for writ of administrative mandamus with the Lake County Superior Court.

20. On August 29, 2007, my site visit to the property revealed that the Wolls were still operating the business six months after the Board issued its decision.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and executed on September 10, 2008, at Santa Rosa, California.

/s/
Henry "Hank" Bouillerce

KELLY JACKSON &
CHRISTIANSON, LLP

**SIGNATURE ATTESTATION**

**I attest that I have on file all holograph signatures for any signatures indicated by a conformed signature (/s/) within this e-filed document.**

    /s/
Clay J. Christianson
Attorneys for Defendants
County of Lake, Mary Jane Figalde
and Henry Bouillerce

KELLY JACKSON &
CHRISTIANSON, LLP