**EXHIBIT A**

III. <u>**CHRONOLOGY**</u>

05/19/00: Received complaint alleging continuous operation of a septic tank pumping business with shop and office.

04/02/04: Site visit/observed business on site. Several vehicles and outhouses, a garage shop, a tanker and several toilets in a large driveway. Property located adjacent to a vineyard.

04/14/04: Issued, posted and mailed, certified, Notice of Nuisance.

07/16/04: Telephoned owners and left message regarding code violations.

08/02/04: Spoke to owner Theresa Woll and advised her of what needed to be done in order to come into compliance with the county codes.

11/03/04: Site visit/observed operation of Roto-Rooter business continues. While on site, noticed arrival of tanker truck pulling a blue room on a trailer.

12/08/05: Site visit/spoke to Dallas Woll, owner. Woll stated he services surrounding farms and vineyards with waste dump service. He considers his equipment to be farm and/or agriculture equipment, which meets code for agriculture zone. Woll provided a tour of the property, noting that the area is clean and the equipment is properly stored. No spills were visible anywhere on the property.

12/08/05: Review of local telephone directory revealed the following item under the heading "Plumbing" on page 294 (Yellow Pages): "Roto-Rooter Plumbers...Dallas Woll, Owner, P.O. Box 1340, Kelseyville, 95451, Lic #779495...Mike Wall, Owner, P.O. Box 1496, Ukiah 95482, Lic #743455." The advertisement also contained seven (7) telephone numbers, one (1) each for Ukiah, Willits, Ft. Bragg, Lakeport, Kelseyville, Clearlake and Middletown.

12/12/05: Review zoning ordinance for the Agriculture Zoning District. Current property use of a Roto-Rooter type service is not defined as agricultural use. The only possibly related use is that of private or public utility, which requires a major use permit. Reviewed the case with the Principal Planner, Lake County Planning Division. He opined that the current business does not qualify as a sewage treatment plant, which could be referred to as a private or public utility.

12/16/05: Issued and recorded a Superceding Notice of Nuisance.

12/19/05: Posted and mailed, certified, the Superceding Notice of Nuisance.

01/11/06: Superceding Notice of Nuisance returned by US Postal Service due to incorrect address. Identified new mailing address and remailed, certified, the Superceding Notice of Nuisance. The due date was reset for February 11, 2006.

01/17/06: Received certified mail receipt for delivery of Superceding Notice of Nuisance to owner by US Postal Service.

02/08/06: Review of records disclosed no permits have been issued or applied for.

02/09/06: The Notice to Abate Nuisance was issued, mailed certified and posted. While posting at the property, owner Dallas was present. He charged that a lien had illegally been placed on the property sometime during November or December 2005. He said it was an illegal lien because he was not notified. The lien caused him to not qualify for a loan he applied for in connection with his property. Staff told him the document he was referring to was not a lien but a Superceding Notice of Nuisance, which was recorded, posted and mailed, certified, in December, 2005 and, later re-mailed to a corrected address in January, 2006. Further, a receipt of delivery had been received from the postal

service revealing that delivery had been made. He emphatically denied receiving the document and stated he would take legal action by suing the County of Lake and the Director, Community Development Department.

02/09/06: A review of the case file revealed the Superceding Notice of Nuisance was recorded on December 16, 2005 and posted and mailed, certified, on December 19, 2005 and returned and re-mailed on January 11, 2006. A review of the postal receipt of delivery of the Superceding Notice of Nuisance disclosed it was received from the postal service on January 17, 2006, and what appeared to be the signature of "D Woll" as the person receiving the document on January 13, 2006.