**EXHIBIT A**

FREAR STEPHEN SCHMID, CSB NO. 96089
ATTORNEY AT LAW
177 POST STREET, SUITE 890
SAN FRANCISCO, CA 94108
TELEPHONE: (415) 788-5957
FACSIMILE: (415) 788-5958

Attorneys for Plaintiff
DALLAS WOLL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DALLAS WOLL,

    Plaintiff,

v.

COUNTY OF LAKE, MARY JANE FIGALDE, AND HENRY BOUILLERCE,

    Defendants.

No. CV 07 6299

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF CIVIL RIGHTS**

[Jury Trial Demanded]

Plaintiff, Dallas Woll, alleges as follows:

### JURISDICTION AND VENUE

1.    This action arises out of violations of his civil rights under 42 U.S.C. §1983. Jurisdiction is proper under 28 U.S.C. §1357. This court is the proper venue for this action pursuant to 28 U.S.C. §1391(b) in that defendants reside in this judicial district and further all of the events or omissions giving rise to the claim occurred within this judicial district.

### PARTIES

2.    Plaintiff is Dallas Woll, a citizen of the United States, a citizen of the State of California and a resident of the County of Lake, California.

COMPLAINT    1

EXHIBIT A

3. Defendant, County of Lake, is a county in the State of California, and is a person within the meaning of 42 U.S.C. §1983.

4. Defendants, Mary Jane Figalde and Henry Bouillerce, are employees of the Lake County Community Development and are sued in their individual and official capacity.

## COUNT 1
### [Violation of 42 U.S.C. §1983]

5. At all times relevant hereto, plaintiff Dallas Woll was in the peaceable and rightful possession of approximately ten acres of land, which included his place of residence and place of his grandfathered business. Said parcel is located in the unincorporated area of the County of Lake, California, at 6585 Jacobsen Road, Kelseyville, California.

6. On or about December 16, 2005, unbeknownst to plaintiff, defendants, in their individual and official capacities, illegally, and unreasonably without notice or any opportunity to be heard recorded with the Lake County Recorder's Office a "Notice of Nuisance," a true and correct copy of which is attached hereto as Exhibit 1 and incorporated by reference herein. Plaintiff first discovered this recorded document when trying to refinance his property to purchase another piece of property to relocate his business. As a result of this recorded "Notice of Nuisance," the financing institution refused to fund the loan, and upon information and belief no other commercially responsible financial institution will finance property when such a Notice of Nuisance is recorded against it. Thereafter, plaintiff sought relief from the Lake County Board of Supervisors to have the "Notice of Nuisance" released so as to obtain financing, but the Board refused.

7. The County of Lake knows, as do its employees, that the effect of a recorded "Notice of Nuisance" serves as a functional equivalent of a prejudgment attachment of plaintiff's property preventing plaintiff from borrowing against and generally encumbering it and/or alienating it.

COMPLAINT                     2

8. The recorded "Notice of Nuisance" prevents the full use and enjoyment of his property because it interferes with his use of the property as collateral to borrow money, and effectively prevents the alienation of his property or substantially reduces the value thereof, such that the act of recording the "Notice of Nuisance" constituted a seizure of plaintiff's property without a warrant or court order or an affidavit showing probable cause.

9. Further, the recorded "Notice of Nuisance" acts as a de facto adjudication of plaintiff's rights and affects and has affected his property and his right to use it without any prior notice or opportunity to be heard, specifically making a determination of a "nuisance" and a determination of a violation of zoning codes which is a misdemeanor under Lake County Ordinance, §§ 13-11, all of which also interfered with his rights to seek redress and petition and to carry on a lawful business and a common trade.

10. The acts of defendants, and each of them, were in violation of clearly established law.

11. By the foregoing acts, defendants deprived plaintiff of his constitutional rights as follows:

    a) His First Amendment right to seek redress and petition in that the recorded "Notice of Nuisance" prohibited plaintiff from redressing the issues set forth in the notice, i.e. because of the recording he was not able to seek effective redress because the harm had already been done to him and he could not relocate his business to redress the nuisance assertion since he was not able to refinance;

    b) His Fourth Amendment right to be secure against unreasonable seizures by wrongfully seizing his property; and

    c) His Fifth, Ninth, and Fourteenth Amendment rights to not be denied liberty and property without due process of the law,

including his rights to buy, sell, and encumber property, his right to carry on a lawful business and a common trade his right to petition and redress and his right not to be subjected to malicious, arbitrary and capricious use of governmental authority and regulation.

12. The County of Lake has a policy, practice and custom which foster, promote, condone, and further the conduct that defendants inflicted on plaintiff as above described. In addition, the County of Lake ratified and approved the acts of defendants, and each of them, thereby making the acts of defendants, and each of them, the official practice, custom, and policy of the County of Lake.

13. As a direct and proximate result of the acts of defendants, and each of them, plaintiff has suffered general and special damages, including but not limited to loss of business opportunity, emotional distress, humiliation, embarrassment, stress, anxiety, and physical upset to his central nervous system, and personal injury, all in an amount according to proof but in excess of $300,000.00. Further, plaintiff is entitled to attorney fees.

14. The acts of defendants and each of them, were despicable, oppressive, wilful, and with knowing and conscious disregard for the rights of plaintiff, such that plaintiff is entitled to recover punitive damages against defendants, in an amount according to proof but in excess of $100,000.00.

15. Defendants, and each of them, continue to violate plaintiffs' constitutional rights, and those of people similarly situated by refusing to release the recorded Notice of Nuisance from the County Recorder's Office, despite having been requested to so do so, and will continue to do so, unless and until enjoined from such illegal conduct.

**WHEREFORE**, plaintiff, Dallas Woll, prays judgment as follows:

1. For general and special damages in an amount according to proof but in excess of $300,000.00;

2. As against defendants, except County of Lake, punitive damages in an amount according to proof but in excess of $100,000.00;

3. For an injunction under federal law barring the County of Lake from recording any "Notice of Nuisance" without a prior court order;

4. For an order striking or cancelling the recorded "Notice of Nuisance" or directing its release;

5. For attorneys' fees as allowable by law;

6. For costs, pre-judgment interest, and other interest as allowable by law; and/or

7. For other relief as the court may deem just, proper, and appropriate.

DATED: December 12, 2007

_____
Frear Stephen Schmid, Attorney for
Plaintiff DALLAS WOLL

## JURY DEMAND

Plaintiff demands a jury trial in this action.

DATED: December 12, 2007

_____
Frear Stephen Schmid, Attorney for
Plaintiff DALLAS WOLL

RECORDED AT THE REQUEST OF
Lake County Community
Development Department
255 N. Forbes Street
Lakeport, CA. 95453

Doc # 2005-6968
Page 1 of 2
Date: 12/16/2005 10:03A
Filed by: LAKE CO COMUNITY DEVELOPMENT
Filed & Recorded in official Records
of COUNTY OF LAKE
DOUGLAS W. WACKER
COUNTY RECORDER
Fee: $9.00

# NOTICE OF NUISANCE

THIS DOCUMENT SUPERCEDES DOCUMENT NUMBER 2004009334 ISSUED ON April 14, 2004.

Pursuant to Lake County Code, Chapter 13, Article 1 et. seq.

A -  CASE NUMBER: 603
     OWNER(S) NAME: Dallas & Theresa Woll
     STREET ADDRESS: 6585 Jacobsen Rd, Kelseyville, CA
     MAILING ADDRESS: P.O. Box 681, Lakeport, CA 95453

Assessor's Parcel Number: 007-014-04-00

B - CONDITION CAUSING NUISANCE: Operating a commercial plumbing business entitled "Roto-Rooter Plumbers" and providing plumbing, sewer and drain services not allowed in the Agriculture (A) zoning district.

C - ORDER IS GIVEN TO COMMENCE ABATEMENT OF SAID NUISANCE: Immediately cease all not permitted/disallowed business activities and remove all business related vehicles, equipment, storage and other related items.  Contact the Lake County Planning Division for information regarding the correct zoning for Commercial Business use.

D - Diligent prosecution and completion of said abatement shall be followed by owner so as TO BE TOTALLY ABATED BY: January 15, 2006

E - IN THE EVENT REQUIRED ABATEMENT IS NOT COMPLETE WITHIN THE TIME PRESCRIBED, THE ENFORCEMENT OFFICIAL WILL APPLY TO THE BOARD OF SUPERVISORS FOR AN ORDER TO ABATE SAID PREMISES. THE COSTS OF

Ex 1

Case 3:07-cv-06299-BZ   Document 24-2   Filed 09/11/2008   Page 8 of 8

SAID ABATEMENT AND ADMINISTRATIVE TIME SHALL BE MADE A SPECIAL ASSESSMENT AGAINST THE PREMISES. SAID SPECIAL ASSESSMENT MAY BE COLLECTED AT THE SAME TIME AND IN THE SAME MANNER AS IS PROVIDED FOR THE COLLECTION OF ORDINARY COUNTY TAXES, AND SHALL BE SUBJECT TO THE SAME PENALTIES, INTEREST AND TO THE SAME PROCEDURES OF FORCLOSURE AND SALE IN THE CASE OF DELINQUENCY AS IS PROVIDED FOR ORDINARY COUNTY TAXES.

Henry Bouillerce, Code Compliance Officer
COMMUNITY DEVELOPMENT DEPARTMENT
DATED  12/16/05

STATE OF CALIFORNIA
COUNTY OF LAKE

On  12/16/05  before me,  Janice K. Pankratz
Personally appeared Henry Bouillerce personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and ackowledged to me that he executed the same in his authorized capcity, and that be his signature on the instrument the person or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

Pam Cochrane, County Clerk-Auditor
Couty of Lake, State of California
Signature: _____
Deputy County Clerk



CRTIFIED MAIL_____
DTED_____