1  Clay J. Christianson, Esq. (SBN 143024)
   Jacqueline M. Moreira, Esq. (SBN 130735)
2  KELLY JACKSON & CHRISTIANSON, LLP
   90 South E Street, Suite 300
3  Santa Rosa, California 95404
   (707) 578-7160
4  (707) 578-7469/Facsimile

5  Attorneys for Defendant County of Lake

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| DALLAS WOLL, | Case No. CV 07 6299 BZ ENE |
| --- | --- |
| Plaintiff, | *(Unlimited Civil Case)* |
| | Hon. Magistrate Bernard Zimmerman |
| v. | **JOINT STATEMENT OF MATERIAL FACTS NOT IN DISPUTE AND CITATIONS TO EVIDENCE IN SUPPORT OF DEFENDANT COUNTY OF LAKE'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION** |
| COUNTY OF LAKE, MARY JANE FIGALDE, and HENRY BOUILLERCE, et al., | |
| Defendants. | Date: October 22, 2008 |
| | Time: 10:00 a.m. |
| | Courtroom G, 15th Floor |
| | Trial Date: December 15, 2008 |

Defendants submit this statement of material facts not in dispute and citations to evidence in support of motion for summary judgment herein filed by defendants.

| Statement of Material Facts Not in Dispute | Citations to Evidence |
| --- | --- |
| 1. This case involves operation of a "Roto-Rooter" business on land zoned for agricultural, not commercial, operations at 6585 Jacobsen Road, Kelseyville, California ("the property"). County records reveal that the owners of the property are Dallas and Theresa Woll ("the owners"). | Declaration of Henry "Hank" Bouillerce, page 2, paragraph 2. Opposing Counsel's Objection: irrelevant; disputed as to zoning and legal effect thereof; disputed that case is about the operation of Roto-Rooter at the premises, the primary issue is whether plaintiff received due process, i.e. |

| | |
|---|---|
| | notice and opportunity to be heard prior to the recordation of the "Notice of Nuisance." |
| 2. On September 4, 1991, a case was opened by the County based upon a citizen complaint alleging the operation of a "Roto-Rooter" business on the property that was zoned for Agriculture. Investigation by the County involved confirmation of the complaint, and advising Dallas and Theresa Woll, the owners of the property in violation, of the complaint and the issuance of a Notice of Violation. Thereafter, the owner relocated the business to a commercial property in Kelseyville, California. The case was closed on January 7, 1993. | Declaration of Henry "Hank" Bouillerce, page 2, paragraph 3.<br>Opposing Counsel's Objection: irrelevant; disputed as to zoning, legal effect thereof and zoning violation. |
| 3. On May 19, 2000, the Code Compliance Division of the Community Development Department for the County of Lake again received a complaint relating to the operation of a septic tank pumping business with an office and shop at the same property owned by Dallas and Theresa Woll. Despite this complaint, the case became inactive. | Declaration of Henry "Hank" Bouillerce, page 2, paragraph 4.<br>Opposing Counsel's Objection: irrelevant |
| 4. During a site visit on April 2, 2004, the County confirmed that a Roto-Rooter business was again operating on the property. On April 14, 2004, the Code Compliance Officer issued a Notice of Nuisance and posted and mailed it | Declaration of Henry "Hank" Bouillerce, page 2, paragraph 5; Exhibit "B" thereto.<br>Opposing Counsel's Objection: irrelevant, except as to the recordation of Notice of Nuisance on April 14, 2004, and the content of |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17 | certified.  On the same date, Henry Bouillerce recorded the Notice of Nuisance with the County Recorder's office.  (A true and correct copy of this Notice of Nuisance is attached to the Declaration of Henry "Hank" Bouillerce marked Exhibit "B")  The notice indicated that the condition causing the nuisance was operating a commercial plumbing business in an Agriculture or (A) zoning district.  It gave the Wolls until May 7, 2004 to abate.  The Wolls were further informed that if it was not abated, within the time prescribed, enforcement will apply to the Board of Supervisors for an order to abate said premises.  The Notice specifically advised to "Contact Lake County Planning Department for information regarding correct zoning for Commercial Business uses." | the Notice. |
| 18<br>19<br>20<br>21 | 5.  On August 2, 2004, Hank Bouillerce advised Theresa Woll of what needed to be done in order to come into compliance with county codes. | Declaration of Henry "Hank" Bouillerce, page 2, paragraph 6.<br>Opposing Counsel's Objection:  irrelevant |
| 22<br>23<br>24<br>25 | 6.  During a subsequent site visit on November 3, 2004, Hank Bouillerce witnessed owner Dallas Woll operating a tanker truck returning to the property and hauling a "blue room." | Declaration of Henry "Hank" Bouillerce, page 2, paragraph 7.<br>Opposing Counsel's Objection:  irrelevant |
| 26<br>27<br>28 | 7.  Hank Bouillerce interviewed Mr. Woll during a site visit on December 8, 2005.  Mr. Woll said he considered his business to be | Declaration of Henry "Hank" Bouillerce, page 3, paragraph 8.<br>Opposing Counsel's Objection:  irrelevant |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14 | agriculture related use of the property because he was providing service to the surrounding farms and vineyards in and around the area of his property. Hank Bouillerce's review of the Lake County Zoning Ordinance failed to identify a plumbing, sewage, septic or pumping business as an allowed use for the Agriculture Zoning District. Hank Bouillerce's review of the local telephone directory revealed an advertisement for this Roto-Rooter business. The ad listed seven (7) telephone numbers for seven cities in Lake and Mendocino Counties. A review of records disclosed no permits issued for this business. | |
| 15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27<br>28 | 8.  On December 16, 2005, a superceding Notice of Nuisance was issued and recorded as it had been more than a year since the last Notice of Nuisance was issued, and on December 19, 2005, it was posted and mailed, via certified mail, to the owners.  (A true and correct copy of this Notice of Nuisance is attached to the Declaration of Henry "Hank" Bouillerce marked Exhibit "C")  The Notice indicated that it was issued pursuant to Lake County Code, Chapter 13, Article 1 et. seq.  The condition causing the nuisance was listed as follows: "Operating a commercial plumbing business entitled 'Roto-Rooter Plumbers' and | Declaration of Henry "Hank" Bouillerce, page 3, paragraph 9; Exhibit "C" thereto.. |

| | | |
|---|---|---|
| 1-12 | providing plumbing, sewer and drain services not allowed in the Agriculture (A) zoning district." Completion of said abatement was January 15, 2006. The Notice stated: "Contact the Lake County Planning Division for information regarding the correct zoning for Commercial Business use." The superceding Notice of Nuisance was returned due to a wrong address and remailed, on January 11, 2006 to a new mailing address, after which a U.S. Postal Service receipt of delivery was received by the County office on January 17, 2006. | |
| 13-15 | 9. On February 8, 2006, Henry Bouillerce's review of records disclosed an appropriate permit had not yet been issued or applied for. | Declaration of Henry "Hank" Bouillerce, page 3, paragraph 10. Opposing Counsel's Objection: irrelevant |
| 16-28 | 10. On February 9, 2006, the Notice to Abate Nuisance was issued and mailed, certified. (A true and correct copy of this Notice to Abate Nuisance is attached to the Declaration of Henry "Hank" Bouillerce marked Exhibit "D") The Notice to Abate stated:<br><br>PURSUANT TO LAKE COUNTY CODE, CHAPTER 13, ARTICLE 1 et. seq., NOTICE IS HEREBY GIVEN TO APPEAR BEFORE THE LAKE COUNTY BOARD OF SUPERVISORS AT 9:15 a.m. ON THE 28TH DAY OF FEBRUARY, 2006 IN THE LAKE COUNTY COURTHOUSE, 255 NORTH FORBES STREET, LAKEPORT, CALIFORNIA, | Declaration of Henry "Hank" Bouillerce, page 3, paragraph 11; Exhibit "D" thereto.. |

KELLY JACKSON &
CHRISTIANSON, LLP

Joint Statement of Material Facts not in Dispute and Citations to Evidence

| | |
|---|---|
| TO SHOW CAUSE, IF ANY THERE BE, WHY SUCH CONDITION(S) SHOULD NOT BE CONDEMNED AS A NUISANCE AND WHY SUCH NUISANCE NOT BE ABATED BY THE ENFORCEMENT OFFICIAL. | |
| 11. While at the property to post the Notice to Abate Nuisance on February 9, 2006, Henry Bouillerce spoke to owner Dallas Woll and handed him a copy of the document. At that time, Woll charged that a lien had illegally been placed on the property sometime during November or December 2005. Henry Bouillerce told him the document he was referring to was not a lien but a superseding Notice of Nuisance, which was recorded, mailed and posted at the property in December 2005, and, later, remailed to a corrected address. Henry Bouillerce further told him a receipt of delivery had been received from the postal service revealing that delivery had been made. Woll denied receiving the document and stated he would take legal action by suing the County of Lake and the Director of the Community Development Department. | Declaration of Henry "Hank" Bouillerce, page 4, paragraph 12.<br><br>Opposing Counsel's Objection: irrelevant |
| 12. The case file reveals that the superceding Notice of Nuisance was issued and recorded on December 16, 2005 and posted and mailed certified on December 19, 2005; returned and | Declaration of Henry "Hank" Bouillerce, page 4, paragraph 13. |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5 | remailed on January 11, 2006. The due date was reset for February 11, 2006. On January 17, 2006, the department received a certified mail receipt (signed for) by "D Woll" on January 13, 2006. | |
| 6<br>7<br>8<br>9<br>10<br>11<br>12 | 13. On February 9, 2006 at 11:00 a.m., Henry Bouillerce posted, at Mr. Woll's property the Notice to Abate Nuisance. A copy of the document was also handed to Mr. Woll at that time. Further, it was mailed to him on the same date, certified mail, return receipt requested. The receipt was returned February 13, 2006. | Declaration of Henry "Hank" Bouillerce, page 4, paragraph 14. |
| 13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23 | 14. On February 22, 2006, Rick Coel, the Deputy Director, telefaxed to the Woll's current attorney, Frear Stephen Schmid, the Lake County Code section dealing with Major Use Permit and the Staff Report. The properly noticed Board of Supervisors hearing was held on February 28, 2006. The hearing was indefinitely continued to allow Woll to apply for a major use permit. The Board agreed to delay any decision pending the major use permit results. | Declaration of Henry "Hank" Bouillerce, page 4, paragraph 15.<br>Opposing Counsel's Objection:  irrelevant |
| 24<br>25<br>26<br>27<br>28 | 15. On March 9, 2006, the Community Development Department received the Wolls' Use Permit application. On September 12, 2006, Richard Coel, Assistant Community Planning Director, issued a Staff Report to the | Declaration of Henry "Hank" Bouillerce, page 4, paragraph 16.<br>Opposing Counsel's Objection:  irrelevant |

Joint Statement of Material Facts not in Dispute and Citations to Evidence

| | |
|---|---|
| Planning Commission. The Staff actually recommended approval of the Wolls' request for a major use permit to continue to operate this business. | |
| 16. Nevertheless, on September 28, 2006, the Planning Commission unanimously denied the Wolls' use permit for the existing portable chemical toilet, septic service and plumbing business on their property. The Planning Commission denied the applicant's request for a Major Use Permit. | Declaration of Henry "Hank" Bouillerce, page 4, paragraph 17.<br>Opposing Counsel's Objection:  irrelevant |
| 17. The Wolls appealed the Planning Commission's decision to the Board of Supervisors on  October 3, 2006. On March 9, 2007, appellant Dallas Woll submitted a brief in support of his appeal from the Planning Commission's denial of the use permit. The Board denied the appeal during a hearing on March 17, 2007. | Declaration of Henry "Hank" Bouillerce, page 5, paragraph 18.<br>Opposing Counsel's Objection:  irrelevant |
| 18. On July 19, 2007, Dallas Woll filed a petition for writ of administrative mandamus with the Lake County Superior Court. | Declaration of Henry "Hank" Bouillerce, page 5, paragraph 19.<br>Opposing Counsel's Objection:  irrelevant |
| 19. On August 29, 2007, Henry Bouillerce's site visit to the property revealed that the Wolls were still operating the business six months after the Board issued its decision | Declaration of Henry "Hank" Bouillerce, page 5, paragraph 20.<br>Opposing Counsel's Objection:  irrelevant |

KELLY JACKSON & CHRISTIANSON, LLP

Page 8

Joint Statement of Material Facts not in Dispute and Citations to Evidence

1 | Dated: September 11, 2008        KELLY JACKSON & CHRISTIANSON, LLP

By: /s/
    Clay J. Christianson
    Attorneys for Defendant
    County of Lake

It is agreed that the above Fact Nos. 1 through 19 are undisputed facts (except as noted with reference to Fact Nos. 1 and 2) although plaintiff contends that Fact Nos. 1 through 7, 9, 11, and 14 through 19 are not relevant to the issues raised by defendant's Motion for Summary Judgment, plaintiff reserves the right to object to those on grounds of relevance.

Dated: September 11, 2008

By: /s/
    Frear Stephen Schmid, Esq.
    Attorney for Dallas Woll

### SIGNATURE ATTESTATION

**I attest that I have on file all holograph signatures for any signatures indicated by a conformed signature (/s/) within this e-filed document.**

/s/
Clay J. Christianson
Attorneys for Defendant
County of Lake

Joint Statement of Material Facts not in Dispute and Citations to Evidence