UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DALLAS WOLL, | ) | |
| | ) | |
| Plaintiff, | ) | No.  C 07-6299 BZ |
| | ) | |
| v. | ) | **ORDER GRANTING IN PART AND** |
| | ) | **DENYING IN PART DEFENDANT'S** |
| COUNTY OF LAKE, et al., | ) | **MOTION FOR SUMMARY JUDGMENT** |
| | ) | |
| Defendants. | ) | |
| | ) | |

On December 13, 2007, plaintiff Dallas Woll ("plaintiff") sued the County of Lake ("County"), alleging violations of 42 U.S.C. § 1983.[1]  Plaintiff's complaint arises from a "Notice of Nuisance" filed and recorded by the County in December 2005 concerning plaintiff's property located in Kelseyville, California.  Plaintiff alleges that in late 2005, he was negotiating a large bank loan to enable him to relocate his business, and as a result of the recordation, the bank refused

---

[1]   All parties have consented to my jurisdiction, including entry of final judgment, pursuant to 28 U.S.C. § 636(c) for all proceedings.

1

to fund the loan.  Recording the Notice, plaintiff contends, served as the "functional equivalent" of a prejudgment attachment of his property, amounting to a de facto adjudication of his rights without any prior notice or opportunity to be heard, in violation of his constitutional rights to seek redress and petition; to be free from unreasonable seizures of property; and to be afforded due process of law, respectively.

The County has moved for summary judgment arguing, in part, that plaintiff was not deprived of due process of law because he received adequate notice prior to the recordation of the Notice of Nuisance as well as an "informal opportunity" to be heard after the Notice was recorded and before the County took any additional steps to abate or physically "seize" any of plaintiff's property.  For the reasons set forth below, defendant's motion is **GRANTED IN PART AND DENIED IN PART**.

*1. Factual Background:*

Certain facts appear undisputed.  At all relevant times, plaintiff owned property in Lake County, zoned for agricultural uses.  On September 3, 1991, the County received a complaint that plaintiff was operating a "Roto-Rooter" business on his property.[2]  After investigating, the County

---

[2] Plaintiff objects to the consideration of these facts and all others concerning plaintiff's operation of a commercial business.  Plaintiff's objections to the facts submitted in the joint statement of undisputed material facts, which are based entirely on FRE 401, are **OVERRULED** for the purposes of this motion.  Defendant's objection based on FRE 701 to the second

2

determined that plaintiff was in fact operating a commercial business on his property in violation of an agricultural zoning ordinance and issued a Notice of Violation.  Plaintiff relocated his business, and the case was closed on January 7, 1993.

On May 19, 2000, the County received another complaint that plaintiff was operating a septic tank pumping business on his property.  The County failed to investigate and the case remained inactive until April 2, 2004, when the County visited plaintiff's property and confirmed that a "Roto-Rooter" business was again operating on plaintiff's property.  The County then issued and recorded a "Notice of Nuisance" against plaintiff's property, and served plaintiff with the Notice by certified mail.  The Notice of Nuisance stated that the operation of a commercial business in an agriculture zoning district constituted a condition of nuisance and gave plaintiff until May 7, 2004 to abate the violation.  The Notice of Nuisance also advised plaintiff to "Contact Lake County Planning Department for information regarding correct zoning for Commercial Business Uses."  Other than one additional site visit on November 2, 2004, no further action

---

statement of material fact contained in plaintiff's separate statement of facts is **SUSTAINED**, and to the extent that the statement is a legal conclusion, the Court will treat it as argument.  Defendant's objections based on FRE 602 to plaintiff's separate second, fifth, and eighth statements of material fact are **OVERRULED** for the purposes of this motion, as all reasonable inferences are to be drawn in favor of plaintiff, the non-moving party.  All other objections based on FRE 401 made by defendant to plaintiff's separate statement of facts are **OVERRULED.**

was taken by the County.  Plaintiff, however, was negotiating with a bank in 2005 to obtain a large loan secured by his property for the purpose of relocating his business.

On December 8, 2005, the County again visited plaintiff's property and observed that plaintiff was still operating a commercial business on his property.  That day, the County reviewed its records and determined that no permits had been issued to plaintiff for the operation of a commercial business.

On December 16, 2005, the County recorded and mailed to plaintiff a superseding Notice of Nuisance.  This superseding Notice was returned due to a wrong address and mailed again on January 11, 2006.  A U.S. Postal Service receipt of delivery was received by the County on January 17, 2006.

On February 8, 2006, after reviewing its records, the County discovered that plaintiff had yet to apply for an appropriate permit for the operation of a commercial business.  On February 9, 2006, a Notice to Abate Nuisance was served on plaintiff, both personally and via certified mail, informing plaintiff that a hearing before the Lake County Board of Supervisors was set for February 28, 2006.

The hearing was held on February 28, 2006 and was indefinitely continued to allow plaintiff to apply for a major use permit.  Despite plaintiff's efforts to obtain a major use permit, both the Planning Commission and the Board of Supervisors denied plaintiff's application on September 26, 2006 and March 9, 2007, respectively.  On July 29, 2007,

4

plaintiff filed a petition for writ of administrative mandamus with the Lake County Superior Court.

*2.  Alleged Fifth Amendment and Fourteenth Amendment Due Process Violations:*

It is well-settled that procedural due process is necessitated only if there has been a "taking" or deprivation of a protected interest.  Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972).  For purposes of this motion, the County admits that "the recordation of a Notice of Nuisance is a 'taking' of property."  Memo p.2, l.27-p.3, l.1.  The issue then is whether, as a matter of law, plaintiff received adequate due process under the Fourteenth Amendment.  The County argues he did because the taking was minor and the various notices plaintiff received prior to December 2005 gave him adequate notice that his business operations were in violation of the local agricultural zoning ordinance.  The County also argues that plaintiff received an adequate "informal opportunity" to be heard because both the first and superseding Notices of Nuisance apprised plaintiff of the specific conditions causing the nuisance, gave plaintiff time to correct the nuisance to avoid any potential future abatement procedures, and provided plaintiff with the ability to contact the Lake County Planning Department for information regarding correct zoning for commercial business uses.

In Mathews v. Eldridge, 424 U.S. 319, 334-35 (1976), the Supreme Court articulated a flexible framework for analyzing what procedural safeguards are required by due process.

Specifically, the Court held that due process generally requires consideration of three distinct factors: first, the private interest affected by the official action; second, the risk of an "erroneous deprivation" of the private interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the significance of the government interest, including the fiscal and administrative burdens that any additional or substitute procedural requirements would entail. *See also* Connecticut v. Doehr, 501 U.S. 1 (1991).

With regard to the first factor, plaintiff has submitted evidence that the recordation of the superseding Notice of Nuisance caused the bank to refuse to fund a loan, which was to be secured by his property, and which he intended to use to relocate his business. While the County disputes the reasons plaintiff was denied the loan, this simply creates a dispute about an issue of material fact which must be resolved at trial. A jury could conclude from plaintiff's evidence that the recorded Notice cause plaintiff substantial harm.[3] While the County makes much of the fact that an actual abatement never occurred, this argument is beside the point, as the question before me is whether plaintiff's due process rights were violated as a result of the recordation of the

---

[3] It is not entirely clear from the evidence whether the problem plaintiff encountered is attributable to the 2004 recordation, of which he does not complain, or the 2005 recordation, but on summary judgment, I give plaintiff the benefit of a favorable inference. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

6

Notice of Nuisance, not what due process plaintiff was or would have been entitled to had the County proceeded with an abatement.  For the purposes of summary judgment, I cannot say that the taking in this case was so minor as to require little or no due process.  <u>Cafeteria and Restaurant Workers Union, Local 473 v. McElroy</u>, 367 U.S. 886, 895-96 (1961).  As the Supreme Court stated in <u>Connecticut v. Doehr</u>, 501 U.S. 1, 12 (1991), "temporary or partial impairments to property rights that attachments, liens, and similar encumbrances entail are sufficient to merit due process protection."

With regard to the third <u>Eldridge</u> factor, the County's interest in recording the superseding Notice of Nuisance prior to providing plaintiff with a hearing, the only interests advanced by the County are the need to put members of the public on notice that the property was subject to potential litigation and the need to avoid nuisances that may have the effect of reducing property values.  For the purpose of this motion, I find these arguments lacking.  The superseding Notice was recorded on December 16, 2005 and a hearing, even with the re-mailing of the misaddressed Notice, occurred February 28, 2006.  The narrow issue is whether there was a need to record the Notice in the short period prior to giving plaintiff a hearing.  The County never explains how the public might be harmed during this short period, or why it could not have scheduled an earlier hearing.  The County's asserted sense of urgency is undermined by the County's comparative inaction after it received a complaint in 2000, as well as

after it recorded the first Notice of Nuisance in 2004.

Finally, the risk of an erroneous deprivation in this case is of sufficient gravity that the issue cannot be properly resolved on motion for summary judgment. The County asserts that the risk of erroneous deprivation was slight for three reasons: first, plaintiff was provided with a pre-deprivation "informal opportunity" to be heard; second, no actual abatement action was to occur without providing plaintiff with notice and a hearing; and third, significant post-deprivation review was available to plaintiff.[4] The County's argument that it provided plaintiff with a pre-deprivation "informal opportunity" to be heard is unconvincing. The "informal opportunity" to which the County refers is the instruction on the recorded Notice of Nuisance that advised plaintiff to contact the County for "information regarding correct zoning for Commercial Business uses." Since plaintiff received the Notice on the same day that it was recorded, this "informal opportunity" to be heard occurred after the taking. The County's other arguments, that plaintiff was to receive notice and a hearing before any abatement was to occur, and had available a variety of procedures to review an abatement order, are beside the point. Once again, the taking of which plaintiff complains is the

---

[4] Neither of the cases cited by the County, Machado v. State Water Res. Control Bd., 90 Cal.App.4th 720, 726-28 (2001), nor Roth v. City of Los Angeles, 53 Cal.App.3d 679, 689 (1976), are on point, as neither involved the actual recordation of an official notice or order.

recordation of the Notice, not the abatement process.  As the Supreme Court has noted, a post-deprivation hearing "would not cure the temporary deprivation that an earlier hearing might have prevented."  Doehr, 501 U.S. at 15.

Because the County has shown no interest that would offset plaintiff's interest in obtaining a fair hearing or, at a minimum, receiving an opportunity to correct the noticed violations prior to the actual recording of the Notice, *see* Evers v. County of Custer, 745 F.2d 1196 (9th Cir. 1984), and because the issue of the effect of the recording of the Notice of Nuisance on plaintiff's ability to refinance his property is in dispute, I cannot conclude for purposes of summary judgment that plaintiff received either adequate notice or an adequate opportunity to be heard.

*3. Alleged Fourth Amendment Seizure Violation:*

Plaintiff argues that his property was illegally "seized" by the County when it recorded the superceding Notice of Nuisance in 2005.  Plaintiff asserts that the act of recording the Notice of Nuisance interfered with his ability to use the property as collateral to borrow money, prevented alienation of the property, and substantially reduced the value of the property, thereby constituting a "seizure" of the property in violation of the Fourth Amendment.

Plaintiff relies on dicta in United States v. Jacobsen, 466 U.S. 109, 133 (1984), that a "seizure" of property occurs when "there is some meaningful interference with an individual's possessory interest in property."  However,

plaintiff cites no authority to support his assertion that the recording of a Notice of Nuisance is a "meaningful interference" with his "possessory interest" in property sufficient to constitute a seizure under the Fourth Amendment.

In <u>Jacobsen</u>, the Court upheld the validity of a warrantless seizure of drugs by a DEA agent. There was no dispute that the goods were physically seized. In dicta, the Court cited to several prior opinions which recognize that interference with someone's possession of property, such as seizing but not searching a suitcase, can amount to a Fourth Amendment seizure. <u>Jacobsen</u>, 466 U.S. at 144 n.5. Here, plaintiff does not claim that the County restrained his physical possession of his property. *See* <u>United States v. TWP 17 R 4, Certain Real Property in Maine</u>, 970 F.2d 984, 989 (1st Cir. 1992) (finding no "meaningful interference" with defendant's property rights when government posted a warrant of "arrest in rem" on plaintiff's property). The deprivation he suffered can be adequately dealt with under the Due Process Clause, without implicating the Fourth Amendment.

The County is entitled to summary judgment on plaintiff's Fourth Amendment claim for relief.

*4. Alleged First Amendment Violation:*

In <u>California Transport v. Trucking Unlimited</u>, 404 U.S. 508, 510 (1972), the Supreme Court ruled that the submission of complaints and criticisms to nonlegislative and nonjudicial public agencies, such as a county board of supervisors, constitutes petitioning activity protected by the First

10

Amendment, concluding that "the right to petition extends to all departments of the Government."

Here, plaintiff has proferred no evidence that he was denied his First Amendment right to redress or to petition. In fact, it does not appear that plaintiff made any effort to petition the Board of Supervisors about the purported nuisance on his property until early 2006.  Instead, it appears that plaintiff exercised his First Amendment right to petition in a series of hearings and appearances before the Board of Supervisors in 2006 and 2007, including one in which he sought a release of the recording of the Notice of Nuisance.  The fact that plaintiff had multiple opportunities to use administrative processes to contest the recording of the Notice of Nuisance indicates that plaintiff's First Amendment rights to redress and to petition were not violated.

Accordingly, defendant's Motion for Summary Judgment is granted with regard to plaintiff's First Amendment claim for relief.  The parties having agreed to accept the Tentative Ruling ordered on October 16, 2008. It is ordered that the hearing scheduled for October 22, 2008 is vacated.

Dated:   October 21, 2008

_____
Bernard Zimmerman
United States Magistrate Judge

11